UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARCUS FONTAIN,

    Plaintiff,

v.

HARJINDER SANDHU, et al.,

    Defendants.

Case No. 1:22-cv-124
JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This cause is before the Court on two motions: (1) Defendants Harjinder Sandhu; Jasreen K. Sandhu; H&R Cinci Properties, LLC; and Brian J. O'Connell's Motion to Remand or in the Alternative Dismiss (Doc. 8); and (2) Plaintiff Marcus Fontain's Motion to Consolidate (Doc. 13).

For the reasons discussed more fully below, the Court **GRANTS** Defendants' Motion to Remand (Doc. 8) and accordingly **REMANDS** this action to the Supreme Court of Ohio. Because the Court lacks subject matter jurisdiction over the action, the Court **DENIES AS MOOT** Fontain's Motion to Consolidate (Doc. 13).

## BACKGROUND

In 2019, Marcus Fontain filed a state-court lawsuit asserting over twenty causes of action against Harjinder Sandhu, Jasreen Sandhu, H&R Cinci Properties, LLC, Jeffrey Lane, April Lane, Prodigy Property, LLC, Brian O'Connell, Zachary

Prendergast, and numerous "John Does." (2d Am. Compl., Doc. 2, #1872[1]). In that suit, Fontain alleged that the defendants (a court-appointed receiver, lawyers, and others) violated his rights under state law in connection with a prior receivership action. (*See id.* at #1891–99). The Hamilton County Court of Common Pleas dismissed the Second Amended Complaint, finding it was a collateral attack on the judgment entered against Fontain in the underlying receivership action (in which Fontain was a defendant). *See Fontain v. Sandhu*, No. A1901296, 2019 WL 13083176, at *1 (Ohio Com. Pl. Dec. 12, 2019).

Fontain appealed that dismissal, and the Ohio First District Court of Appeals affirmed the judgment of the trial court. *See Fontain v. Sandhu*, No. C-200011, 2021 WL 3520944, at *9 (Ohio Ct. App. Aug. 11, 2021). Fontain subsequently filed a notice of appeal with the Supreme Court of Ohio. Before that court decided whether to accept the appeal, though, Fontain filed a notice of removal to this Court. (*See* Notice of Removal, Doc. 1). The Supreme Court of Ohio stayed the case pending this Court's disposition. *Fontain v. Smith*, 182 N.E.3d 1202 (Ohio 2022) (Table).

A subset of the named defendants filed a motion to remand (the "Motion") on April 6, 2022. (Doc. 8). Fontain responded in opposition (Doc. 12) on April 22, and the defendants replied in support (Doc. 14) on April 29. The matter is now before the Court.

---

[1] The Second Amended Complaint also named Westfield Insurance Company, Barry Rudell, and Kyle Rapier as defendants. Those defendants were later voluntarily dismissed. *See Fontain v. Sandhu*, No. C-200011, 2021 WL 3520944, at *2 n.2 (Ohio Ct. App. Aug. 11, 2021).

2

## LAW AND ANALYSIS

Fontain's Notice of Removal purports to remove, pursuant to 28 U.S.C. §§ 1441(a) and (c), all claims in his Hamilton County Court of Common Pleas case, his appeal to the Ohio Court of Appeals, and his "pending request for Jurisdiction to the Ohio Supreme Court." (Doc. 1, #1–2). He alleges that, although his state court action "is framed as 'Fraud' and 'Breach of Written Contract' and other state tort claims," the defendants have in fact violated his rights under the United States Constitution and various federal statutes, thereby giving this Court federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. (*Id.* at #5–6).

The federal removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.§ 1441(a). As Defendants point out, the plain language of the removal statute appears to present more than one independent bar to Fontain's attempted removal. (*See* Mot., Doc. 8, #2212). In the interest of efficiency, the Court will focus on only the most egregious.

Under the plain terms of the statute, the right to remove is limited to "the defendant or defendants." 28 U.S.C.§ 1441(a). The United States Supreme Court has cautioned that this statute should be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *see also In re Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 849, 853 (6th Cir. 2012) ("The term 'defendant' in removal statutes is

3

narrowly construed."). Thus, the plaintiff in a state court action is not authorized to remove a case from state to federal court under § 1441(a). *Shamrock Oil*, 313 U.S. at 108 (holding state-court plaintiff against whom the defendant had filed a counterclaim could not remove to federal court under the statutory predecessor to § 1441(a)); *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461 (6th Cir. 2002) ("[O]nly 'the defendant or the defendants' may remove under § 1441(a)."); *Montero v. Tulsa Airport Improvements Tr.*, 770 F. App'x 439, 440 (10th Cir. 2019) (state court plaintiff cannot remove case to federal court under § 1441(a)) (citing *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993) (per curiam)); 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3721.1 (4th ed. 2022) ("[F]ederal jurisdiction can be invoked upon removal only by a defendant. A plaintiff cannot remove a state-court action …."). Of course, that only makes sense— the plaintiff *chose* to bring the action in state court.

Under the statute's plain language, then, because Fontain is the plaintiff in the state court action (among other reasons), he cannot remove his case from state to federal court. Thus, this matter must be remanded "to the state court from which it was removed." *See* 28 U.S.C. § 1447(d).

Separately, defendants request an award of the fees and costs incurred in seeking remand. (Mot., Doc. 8, #2217). Under 28 U.S.C. § 1447(c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." As this Court recently observed, "[a]s a general matter, a court should do so only if the removing party lacked

4

'an objectively reasonable basis' for seeking removal. *Kim v. Lee*, No. 1:21-CV-613, 2022 WL 1485275, at \*2 (S.D. Ohio May 11, 2022) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). This case easily meets that standard. The Court appreciates that Fontain is proceeding pro se, but, at the same time, a litigant who chooses to do so has an obligation to familiarize himself with the rules at issue.[2] *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[The Supreme Court has] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Here, even a cursory reading of the removal statutes would have revealed to Fontain multiple reasons, including the one discussed above, why removal was not appropriate in this case. Accordingly, an award of reasonable costs and expenses is warranted. *See* 28 U.S.C. § 1447(c); *Sesi v. Perrault*, No. 16-CV-12680, 2016 WL 9403992, at \*3 (E.D. Mich. Aug. 10, 2016) (finding "no basis or justification [for] removal" and awarding fees and costs where pro se plaintiff attempted to remove state action to federal court).

But there is a further problem. The defendants have not provided the Court the information from which the Court could determine the appropriate award. Thus, defendants shall have fourteen days from the entry of this Order to file an affidavit and supporting documentation substantiating the costs and expenses they claim to have reasonably incurred in seeking remand. Fontain shall have fourteen days, after defendants file, in which to challenge those costs, if he so chooses. The Court will then issue an Order regarding costs and expenses. For purposes of clarity, though, the

---

[2] This principle applies even more strongly to a pro se litigant who represents that he holds a law degree. (*See* Notice of Removal, Doc. 1, #1 ("Marcus Fontain, JD")).

Court notes that it is remanding this case to state court immediately, and is retaining limited jurisdiction only to decide the amount of the award. *See Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997) (holding that "a district court, after issuing an order of remand, may make an award of attorney fees and costs in a separate order").

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion (Doc. 8) and accordingly **REMANDS** this action to the Supreme Court of Ohio. Because the Court lacks subject matter jurisdiction over the action, the Court **DENIES AS MOOT** Fontain's Motion to Consolidate (Doc. 13). The Court further **ORDERS** the parties to notify the Supreme Court of Ohio of this Order, and **INSTRUCTS** the Clerk to mail a certified copy of this Order to the clerk of the Supreme Court of Ohio. *See* 28 U.S.C. § 1447(c). The Court retains limited jurisdiction over this matter solely for the purpose of determining the appropriate award of costs and expenses, including attorneys' fees.

**SO ORDERED.**

August 4, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**