

FILED
RICHARD W. NAGEL
CLERK OF COURT

'22 SEP -9 PM 2: 19

SOUTHERN DIST OHIO
WEST DIV CINCINNATI

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **MARCUS FONTAIN,** | **Case No. 1:22-cv-124** |
| | **JUDGE DOUGLAS R. COLE** |
| **Plaintiff,** | |
| **v.** | |
| **HARJINDER S. SANDHU, et al.** | **PLAINTIFF'S OPPOSITION TO** |
| | **AFFIDAVIT OF BRIAN J. O'CONNELL** |
| **Defendants.** | **AND OPPOSITION TO FEES** |

Plaintiff, Marcus Fontain, *pro se,* hereby files his, Opposition to the Affidavit of Brian J. O'Connell and Opposes the imposition of fees.[1]

The Plaintiff does not oppose the Court's *sua sponte* remand of the action to the Ohio Supreme Court [Doc. # 17] for lack of Subject Matter Jurisdiction, and it is well taken.

Sanctions should not be imposed, because based the totality of the circumstances the Plaintiff had multiple objective reasonable basis, to remove the action to be consolidated with the pending related Civil Rights Action, *Marcus Fontain v. Brian J. O'Connell, et al.,* U.S. District Court for the So. Dist. of Ohio Case No. 1:22-cv-00105, despite having misinterpreted the removal statute – which was unintentional.

---

[1] This case is related to the RICO Action *Marcus Fontain v. Terry Nestor, et al.,* U.S. District Court for the So. Dist. of Ohio – Case No. 1:22-cv-00431; Civil Rights Action - *Marcus Fontain v. April M. Lane, et al.,* U.S. District Court for the So. Dist. of Ohio – Case No. 1:19-cv-00304; and Civil Rights Action *Marcus Fontain v. Brian J. O'Connell, Jeffery S. Lane, Zachary Prendergast, et al.,* U.S. District Court for the So. Dist. of Ohio – Case No. 1:22-cv-00105.

The Plaintiff further presents other mitigating factors that warrant, the denial of O'CONNELL'S demand for legal fees, under the doctrine of unclean hands, as follows:

I.

## INTRODUCTION

1. O'CONNELL, came to this Court with unclean hands.

2. O'CONNELL, since at least January 11 2019, is not a stranger to perpetrating fraud upon the Court and engaging in a criminal RICO conspiracy and racketeering scheme, under the color of law, and of submitting perjurious Affidavits, Motions and Status Reports, in support of fraudulent requests for dismissal, sanctions and seeking other unlawful remedies, including but not linted to Court Orders for state judges to rubberstamp.

3. O'CONNELL has a long history of submitting fraudulent Motions for Sanctions and Affidavits containing material misrepresentations - even in cases that do not exist, **falsely** calling the Plaintiff a Vexatious Litigator and a Convicted Felon – in increasingly severe verbal abuse deemed as protected speech, to prejudice the Courts against the Plaintiff, and to fraudulently taint the Plaintiff's character.

4. O'CONNELL, is and has no trouble willfully submitting perjurious Affidavits and fake Court Orders, and perpetrating fraud upon the court, in violation of the Ohio Rules of Professional Conduct - Rules 3.01; 3.03(a)(3); 3.03(a)[5]; and 8.04 (a–f).

5. In many ways this action is the equivalent of the Fruit of the poisonous tree, where the state lawsuit for **Breach of Contract,** before Judge Ethna Marie Cooper, Hamilton County Court of Common Pleas - *Marcus Fontain v. Harjinder Sandhu, et al,* Case No. A-1901296 – and the Court of Appeals First Appellate District – *Marcus Fontain v. Harjinder Sandhu, et al,* CA C-2000011, was a fraud, procured through fraud and the product of fraud by O'CONNELL and his cohorts.

6. O'CONNELL, with impunity has gone as far as fabricating a court case against the Plaintiff and his family which he called the Receivership Action after the Plaintiff

and his family were dismissed with prejudice from the equally dismissed *H&R Cincy v. Fontaine,* Case No. A-1705644, including but no limited to filing multiple sham Motion for sanctions, at all levels, for example –

### A. O'CONNELL'S Fraudulent Motion for $30,800 in Sanctions

7. On November 13, 2019, O'CONNELL, after the filing of the appeal, on October 09, 2019, and during the pendency of the appeal in the Court of Appeals First Appellate District of Ohio, in *H&R Cincy v. Fontaine,* CA No. C-190574 – on direct appeal from the dismissed Hamilton County Court of Common Pleas, *H&R Cincy v. Fontaine,* Case No. A-1705644, filed a $30,800 Motion for Sanctions against the Plaintiff – one year AFTER the Plaintiff had been dismissed *with prejudice* from the equally dismissed *H&R Cincy v. Fontaine,* Case No. A-1705644.

8. O'CONNELL, in support of his $30,800 Motion for Sanction attached the delinquent billing from his Law Office to his Client Harjinder Sandhu, as **"Exhibit A"** amounting to nearly the $30,800, he was seeking in Sanctions against the Plaintiff. O'CONNELL to add credibility to his fraudulent Motion – also attached his Sworn Affidavit. **See Exhibit 1.[2]**

> *"...MEMORANDUM IN SUPPORT – INTRODUCTION* - *This is not something we do lightly. Many time clients feel that their opponent has taken unfair advantage of the court system to bring frivolous matters before the court or to improperly interpose delay or added costs. While there are times when the conduct of opposing counsel raises serious question as to whether that has occurred, it is seldom the right choice to file a motion seeking attorney fees as a sanction. The present case, however, is something different altogether. The incessant, vexatious, harassing and bullying actions of Mr. Fontian both in and out of the court is something at an entirely different level of conduct. In short, if the conduct here is not precisely the type of conduct that warrants sanctions it begs the question of whether any conduct could ever justify it. For the reason stated below, Plaintiffs are entitled to be reimbursed for the attorney fees incurred as a result of Mr. Fontain's frivolous filings and actions..."*

---

[2] Docket 11/13/2019 - *H&R Cincy v. Fontaine,* Case No. A-1705644, Hamilton County Court of Common Pleas.

*"...II. FACTUAL BACKGROUND - A. Defendant's Scandalous History - Defendant is a convicted felon and a vexatious litigator. In 1990, he was convicted of stealing nearly $13 million from the State of California Medicaid Fund. See United States v. Fontaine, M.D.Cal. Nos. 2:90-CR-158AHM and 2:94-CR-00386CRM; see also California v. Fontaine, Case No. BA 240328.[1] Defendant has been admonished by other courts for his persistent frivolous pro se filings. See In Re Ramona Fontaine, Bankr.C.D.Cal. No. LA 2:08-bk-13012, Doc. 116.*

9. At the time O'CONNELL made these fraudulent representations the Plaintiff did not have any case pending anywhere. See **Exhibit 1.**

## B. O'CONNELL'S Fraudulent Representations to Magistrate Karen Litkovitz and Stephanie Bowman

10. Soon after April 26, 2019, when the Plaintiff filed his first, Civil Rights Action - *Marcus Fontain v. April M. Lane, et al.,* U.S. District Court for the So. Dist. of Ohio – Case No. 1:19-cv-00304, O'CONNELL began willfully misrepresenting to Chief Magistrate Judge Keren Litkovitz about a state fraudulent Receivership Action, he was conducting against the Plaintiff, in the dismissed *H&R Cincy v. Fontaine,* Case No. A-1705644, and began filing Motions and Status Reports containing multiple falsehoods, misstatements of facts, engaging in obstruction of justice, and perpetrating fraud upon the court.[3]

11. O'CONNELL has repeatedly made the same false and misleading representations to Magistrate Judge Stephanie Bowman in *Marcus Fontain v. Brian J. O'Connell, et al.,* U.S. District Court for the So. Dist. of Ohio – Case No. 1:22-cv-00105.

---

[3] See May 02, 2022, Plaintiff's Motion for Sanctions against O'Connell, and Prendergast. See also August 29, 2022, Motion for Disciplinary Referral, Criminal Referrals and for Sanctions against O'Connell, and Prendergast. *Marcus Fontain v. April M. Lane, et al.,* U.S. District Court for the So. Dist. of Ohio – Case No. 1:19-cv-00304. See also June 20, 2011, Motion for Sanctions against O'Connell, and Prendergast, Hamilton County Court of Common Pleas – *Marcus Fontain v. Brian J. O'Connell, et al,* Case No. A-2101834

## II.

## A BRIEF BACKGROUND

### A. The State RICO Conspiracy and Reverting Scheme

12. O'CONNELL'S RICO conspiracy, and racketeering scheme, began in or about January 11, 2019, when O'CONNELL post dismissal on September 26, 2018, of the *H&R Cincy v. Fontaine,* Case No. A-1705644, and all the defendants - Marcus Fontain, Norma Fontain, Dina Towers Association, Cinvesco, LLC, and Cinvexco, LLC, filed a Motion before the newly elected state Judge, Terry Nestor asking to "Amend" Judge Steven E. Martin's Receiver Order of August 10, 2018 and to "extend" the Receivership past is end date of February 11, 2019.[4]

13. The actions taken by O'CONNELL, and his cohorts, in furtherance of the RICO Conspiracy and racketeering scheme include but are not limited to – Illegal Judgment Orders, Fraudulent Restraining Orders; Embezzlement; Extortion; Coercion; Threats; Intimidation; Obstruction of Justice; Falsifying Evidence, Perjury; Forgery, Filing False Certificates of Lien; Paper Terrorism; Solicitation; Suppression of Evidence; Spoliation of Documents; Theft of Property; Illegal Kickbacks; Deceiving Law Enforcement, Abuse of Process; Malicious Prosecution, Violations of the Ohio Rules of Professional Conduct and violations of Ohio Real Estate Laws for Dishonesty, Illegal Dealings, Gross Negligence and Misconduct.

### B. The Reversal and Debunking of the of the Receivership Action

14. Two years after O'CONNELL began the sham Receivership Action, on February 26, 2021, the Court of Appeals First Appellate District of Ohio in *H&R Cincy Properties, LLC, et al v. Marcus Arthur Fontaine, et al.,* CA No. C-190574 on direct appeal from the fraudulent Receivership Action, perpetrated in the dismissed *H&R Cincy v. Fontaine,* Case No. A-1705644, ruled that after Judge Steven Martin, filed the Agreed Entry of

---

[4] See Docket 01/11/2019 - *H&R Cincy v. Fontaine,* Case No. A-1705644.

Dismissal on September 26, 2018, under Ohio Civ. R. 41(A)(2) - (a) Defendant Terry Nestor <u>did not have</u> "Personal Jurisdiction" over the Dismissed Defendants; and (b) the trial court <u>did not have</u> Subject Matter Jurisdiction over the dismissed *H&R Cincy v. Fontaine,* Case No. A-1705644. The appeals court ruled -

> "...*{¶ 20}* \*\*\* "...However, "subject-matter jurisdiction may not be conferred upon a court by agreement of the parties, nor may lack of subject-matter jurisdiction be waived." *Cummins & Brown* at ¶ 6. Thus, the trial court did not have jurisdiction to order the defendants to pay the receivership fees by virtue of enforcing the settlement agreement..."

> "...*{¶ 24} We hold that the trial court lacked jurisdiction over the dismissed defendants once the agreed entry of dismissal was filed on September 26, 2018. However, because defendants have not contested the imposition of any of the receivership fees incurred before February 11, 2019, we hold that the trial court erred in holding the dismissed defendants responsible for any receivership fees incurred after February 11, 2019...."*

**See Exhibit 2.**

15. From <u>January 11, 2019</u> through <u>February 21, 2021</u>, O'CONNELL and his coconspirators forced the Plaintiff and his family to defend against the fraudulent Receivership Action they perpetrated in a case that did not exist – the *H&R Cincy v. Fontaine,* Case No. A-1705644 - which had been dismissed, with prejudice since <u>September 26, 2018</u>, making the Plaintiff and his family spend more than $100,000 in legal fees and court costs, causing property losses of more than $250,000 and other damages of more than $1,000,000, and forcing the Plaintiff and his family to expend hundreds of hours in unwarranted litigation.[5]

16. O'CONNELL'S ongoing RICO Conspiracy and racketeering schemes, include perjury, embezzlement, theft, false Restraining Orders, the fabrication and filing of multiple

---

[5] See Docket record Hamilton County Court of Common Pleas *H&R Cincy v. Fontaine,* Case No. A-1705644. See also Court of Appeals First Appellate District - *H&R Cincy Properties, LLC, et al v. Marcus Arthur Fontaine, et al.,* CA No. C-190574 – on appeal from *H&R Cincy v. Fontaine,* Case No. A-1705644.

FALSE *Certificates of Judgment for Liens Upon Lands and Tenements,* collusion, conspiracy, abuse of process, retaliation, harassment, intimidation, extortion, multiple attempts to have the Plaintiff incarcerated, vandalism, repeated attempts to silence the Plaintiff by filing Motions to have the Plaintiff declared a "Vexatious Litigator" falsely labeling the Plaintiff a "Convicted Felon" and asking for court sanctions and contempt of court, to stop the "pro se" Plaintiff from free and unfettered access to the courts.

III.

<u>**MEMORANDUM**</u>

### A. <u>O'CONNELL'S Affidavit for Legal Fees</u>

17.  This Cause is before the Court on Defendant O'CONNELL'S Affidavit in Support of Attorney's Fees (Doc. 18) asking for $2,487.50.

### B. <u>O'CONNELL'S alleged fees are excessive and should not be granted</u>

18.  If a court elects to award attorney fees, it must also determine the appropriate amount. A court starts that analysis by calculating a lodestar amount, arrived at by multiplying the reasonable number of hours billed times a reasonable *v* billing rate. *Reed. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). Then, the court may adjust that amount by considering twelve factors as applicable: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *See Hensley v. Eckerhart,* 461 U.S. 424, 429-30 n.3 (1983) (citing *Johnson v. Ga. Hwy. Exp.*, 488 F.2d 714, 717-19 (5th Cir. 1974) and Am. Bar Ass'n Code of Professional Responsibility, Disciplinary Rule 2-106).

7

19. The Plaintiff, disputes O'CONNELL'S $2,487.50, because the Motion O'CONNELL filed is required little or no research and thus the fees are "excessive, redundant, or otherwise unnecessary." O'CONNELL has not shown that his expenses related to preparing to respond to the Plaintiff's removal Motion were incurred because of the removal or the improper removal, given that the merits of Plaintiffs' state claim would have been at issue even had the action never been removed to federal court. *See Riverview Health Inst., LLC v. N. Am. Laserscopic Spine Inst.*, No. 3:12cv00428, 2014 WL 2561556, at *3 (S.D. Ohio June 6, 2014), *report and recommendation adopted,* No. 3:12cv00428, 2014 WL 3695463, at *1 (S.D. Ohio July 24, 2014) (expenses "caused by" removal include expenses of remand motion itself and "necessary expenses of being in the second judicial system").

20. O'CONNELL has the burden to establish his reasonable attorney fees incurred because of the removal, and how much of the work time accounted for in such entries might be attributable to the Plaintiff's removal. *See Shooter Constr. Co.*, 2011 WL 6339680, at *3 ("The party seeking attorney's fees bears the burden of proof on the number of hours reasonably expended and the reasonableness of the rates claimed.").

21. In this case, O'Connell filed only one Motion, and there were no other briefings, and the remand did not involve a complex issue and courts have awarded much lower fees in similar cases. S*ee Choate v. Underwood*, No. 5:12-CV-58, 2012 WL 2920010, at *2 (W.D. Ky. July 17, 2012) (application of forum-defendant rule "straightforward and beyond controversy"); *Falcon Drilling LLC v. Omni Energy Grp. LLC*, Civil Action 2:21-cv-4316, 2021 WL 5339516, at *3 (S.D. Ohio Oct. 28, 2021) ("This case requires a straightforward application of the forum-defendant rule."). See also *Hensley*, 461 U.S. at 429-30 n.3. See further *LeFevers v. Wayne Disposal, Inc.*, No. 07-14922, 2008 WL 5188808, at *2 (E.D. Mich. Dec. 10, 2008) ($2,250); *Dun-Rite Constr., Inc. v. Amazing Tickets, Inc.*, No. 1:03 CV 2310, 2004 WL 440387, at *2 (N.D. Ohio Jan. 16, 2004) ($1,800); *Shophar v. Kan. Dep't of Children and*

8

*Families*, Case No. 18-cv-11567, 2018 WL 10035813, at *1 (E.D. Mich. Aug. 21, 2018) ($2,200); *Hawkins v. O'Brien*, Case No. C-3-07-278, 2007 WL 9734704, at *3 (S.D. Ohio Sept. 10, 2007) ($1,112.50); *Brandenberg v. Watson*, No. 3:10-CV-346, 2011 WL 609796, at *5 (S.D. Ohio Feb. 10, 2011) ($3,528))); *see also Shooter Constr. Co.*, 2011 WL 6339680, at *4 ($4,619.70).

22. There is also not any complex jurisdictional issue in this case. *Cf. Brandenberg*, 2011 WL 609796, at *2 (more complex ERISA removal situation). Thus, the twelfth factor weighs in favor of a lower fee than the lodestar amount.

23. Case law instructs the Court to begin with the lodestar amount and then adjust it based on the relevant factors.

### CONCLUSION

WHEREFORE, the Plaintiff claims O'DONNELL grossly misrepresented in his Affidavit, and accordingly under the totality of circumstances, is not entitled to any legal fees.

Submitted with Respect, September 08, 2022

**Marcus Fontain, pro se**
9378 Mason Montgomery Rd #425
Mason, Ohio. 45040
Tel: 424-204-2225
Marcus@mfontain.com

9

## CERTIFICATE OF SERVICE

**U.S. District Court**
**Southern District of Ohio**
**CIVIL DOCKET FOR CASE 1:22-cv-00124**

I MARCUS FONTAIN, certify that a true and accurate copy of the foregoing was filed via the Court's electronic filing system on this day. Notice of filing will be performed by the Court's electronic filing system, and parties may access the document through the Court's electronic filing system. Plaintiff will also be served via electronic mail.

September 08, 2022

Marcus Fontain, pro se
9378 Mason Montgomery Rd #425
Mason, Ohio. 45040
Tel: 424-204-2225
Marcus@mfontain.com

# FILED 11/13/2019



**EXHIBIT**

## IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | |
|---|---|
| H&R CINCY PROPERTIES, LLC, *et al.*, | : **Case No. A1705644** |
| | : |
| | : **Judge Terry Nestor** |
| **Plaintiffs,** | : |
| | : |
| v. | : **PLAINTIFFS' MOTION FOR SANCTIONS** |
| | : **AGAINST DEFENDANT MARCUS** |
| **MARCUS ARTHUR FONTAINE,** *et al.* | : **FONTAINE** |
| | : |
| **Defendants.** | : |

Plaintiffs H&R Cincy Properties LLC and Harjinder Sandhu (collectively, "Plaintiffs"), pursuant to Civ.R. 11, move the Court for the entry of an Order awarding sanctions, reasonable expenses and attorney fees incurred in this action against Defendant Marcus Fontaine ("Defendant"). This Motion is supported by the attached Memorandum and Affidavit of Brian J. O'Connell. For the Court's convenience, a proposed order has been filed contemporaneously herewith.

Respectfully submitted,

*/s/ Brian J. O'Connell*
Brian J. O'Connell (0059276)
Jeffrey A. Levine (0095334)
STRAUSS TROY CO., LPA
150 East Fourth Street, 4th Floor
Cincinnati, Ohio 45202
T: (513) 621-2120/F: (513) 241-8259
Email: bjoconnell@strausstroy.com
Email: jalevine@strausstroy.com
*Counsel for Plaintiffs*

## MEMORANDUM IN SUPPORT

### I.    INTRODUCITON

This is not something we do lightly.  Many time clients feel that their opponent

has taken unfair advantage of the court system to bring frivolous matters before the

court or to improperly interpose delay or added costs.   While there are times when the

conduct of opposing counsel raises serious question as to whether that has occurred, it

is seldom the right choice to file a motion seeking attorney fees as a sanction.   The

present case, however, is something different altogether.  The incessant, vexatious,

harassing and bullying actions of Mr. Fontian both in and out of the court is something

at an entirely different level of conduct. In short, if the conduct here is not precisely the

type of conduct that warrants sanctions it begs the question of whether any conduct

could ever justify it.  For the reason stated below, Plaintiffs are entitled to be reimbursed

for the attorney fees incurred as a result of Mr. Fontain's frivolous filings and actions.

### II. FACTUAL BACKGROUND

**A.    Defendant's Scandalous History**

Defendant is a convicted felon and a vexatious litigator.   In 1990, he was

convicted of stealing nearly $13 million from the State of California Medicaid Fund.  *See*

*United States v. Fontaine*, M.D.Cal. Nos. 2:90-CR-158AHM and 2:94-CR-00386CRM;

*see also California v. Fontaine*, Case No. BA 240328.[1]    Defendant has been

admonished by other courts for his persistent frivolous *pro se* filings.   *See In Re*

*Ramona Fontaine,* Bankr.C.D.Cal. No. LA 2:08-bk-13012, Doc. 116.

---

[1] In that case, the FBI discovered and ultimately seized $9.4 million that Defendant had stowed away in a
bank account in Lichtenstein. *See* Plaintiffs' March 23, 2018 Motion for Declaration at Ex. E.

2

After relocating with his family to Ohio, Defendant gained control of 18 of the 30 units in the Dina Tower condominium complex in Cheviot in 2017. *See* Plaintiffs' March 23, 2018 Motion for Declaration at p. 3-4. Defendant did not own any of the units directly; rather, the 18 units were in the name of Cinvesco, LLC, which was owned by his wife. *Id.* Shortly after obtaining this control, Defendant began "running" Dina Towers as if it were his own personal enterprise. *Id.* Without any authority from the Dina Towers Condominium Association ("DTCOA"), he immediately caused the then management company, which was charging $550 a month for its services, to be replaced with his own company, which charged a grossly inflated rate of $2,500 per month. *Id.* Between April 2017 and December 2017, Defendant paid himself and Cinvesco, LLC a combined amount exceeding $35,000 of DTCOA money for "management fees" and other miscellaneous alleged expenses. *Id.*

## B.    The Developments in this Action

On October 31, 2017, Plaintiffs filed their Verified Complaint against Defendant. *See* Plaintiffs' October 31, 2017 Verified Complaint. Plaintiffs' claims arose out of Defendant's illegal control of the DTCOA. *See id.* On August 10, 2018, Judge Martin granted Plaintiffs' Motion for the Appointment of a Receiver due to the imminent dangers facing the DTCOA. *See* August 10, 2018 Order Granting Plaintiffs' Motion For Appointment of Receiver. Judge Martin ordered that Jeff Lane of Prodigy Properties (the "Receiver") be appointed as the Receiver for the DTCOA (the "Receivership"). *Id.* Thereafter, the parties entered into a settlement agreement (the "Settlement Agreement") which provided that the Receivership would terminate on February 11, 2019. The Court ordered that all parties cooperate with the Receiver and could not file

3

suit against the Receiver, its agents or attorneys without an order permitting such a lawsuit. *See* August 10, 2018 Order Granting Motion For Appointment of Receiver at ¶ 3, 6.

However, during the ensuing months, Defendant undertook a relentless effort to intimidate, harass and interfere with the Receiver's efforts to stabilize the DTCOA. *See* Plaintiffs' January 11, 2019 Opp'n. to Defendant's Motion For Contempt and to Amend Order Appointing Receiver; Receiver's February 7, 2019 Motion for TRO; Receiver's April 30, 2019 Motion for Contempt. As a result, both the Receiver and Plaintiffs moved the Court to extend the Receivership. *See* February 7, 2019 Motion to Continue Receivership. Judge Terry Nestor (who replaced Judge Martin as the presiding judge over the Receivership Action after the November 2018 election) granted this motion and ordered that the Receivership "shall continue until further Order of the Court." *See* February 13, 2019 Order Regarding February 7, 2019 Report Hearing at p. 1. In that same Order, Judge Nestor held that all filings made by Defendant after December 2, 2018 were stricken from the record and ordered that Defendant was prohibited from making any further filings. *Id.* at p. 2. On September 12, 2019, the Court terminated the Receivership. *See* September 12, 2019 Final Entry Terminating Receivership. In that Entry, the Court found that the Receiver's attorney fees were "the direct result of the acts or filings of Defendant Marcus Fontaine" and ordered Defendant to pay those fees. *See* September 12, 2019 Final Entry Terminating Receivership at p. 3.

### C.   Defendant's Frivolous *Pro Se* Filings Throughout this Action

On June 29, 2018, Plaintiffs filed a motion seeking an order striking various *pro se* filings of Defendant and ordering that any future *pro se* filings by a party who

4

retained counsel in this matter be treated as a nullity and not considered by the Court. *See* Plaintiff's June 29, 2018 Second Motion to Strike *Pro Se* Pleadings Filed by Marcus Fontaine. On August 2, 2018, the Court granted Plaintiffs' motion. *See* August 2, 2018 Order Granting Plaintiff's Second Motion to Strike *Pro Se* Pleadings Filed by Marcus Fontaine. On that date, Defendant was represented by attorney Kyle Rapier (who had filed a Notification Form in this matter on November 9, 2017 and a Notice of Substitution of Counsel on August 2, 2018).

On December 3, 2018, in an obvious attempt to circumvent the Court's August 2, 2018 Order, Defendant filed a Notice of Substitution of Counsel indicating that attorney Kyle Rapier was no longer Defendant's counsel of Record, and that Defendant would be proceeding in this matter *pro se*. *See* December 3, 2018 Notice of Substitution of Counsel; December 3, 2018 Notice of Appearance of Marcus Fontaine as Counsel *Pro Se*. The Court held that these attempts at changing counsel were ineffective. Since that date, Defendant has filed a plethora of nonsensical, frivolous, bad faith pleadings with the Court which lack any merit under existing law and constitute obvious attempts to delay this litigation, harass Plaintiffs and increase their costs, and defraud the Court. Such pleadings include the following:

December 2018
- December 6, 2018 Judicial Notice in Re: Letter to Jeff Lane, Receiver for the Production of Report, Accounting and Financial Records
- December 18, 2018 Motion for Contempt and Emergency Motion for an Order Directing Receiver Jeff Lane to Produce Report and Accounting
- December 28, 2018 Motion to Terminate Receivership in Violation of R.C. § 2735.02 and 5311.091; Motion Against Jeff Lane for Civil and Criminal Contempt and Sanctions; for Fraud; Deceit; Conversion; Destruction of Property; Refusal to Account for Moneys; Breach of Fiduciary Duty and Interference with Prospective Economic Advantage

5

January 2019
- January 2, 2019 Supplemental Memorandum in Support of Motion to Terminate Receivership and Receiver Jeff Lane and Supplemental Motion for Recovery of Fees and That Any Costs of the Receivership Be Assessed to Plaintiff
- January 3, 2019 Reply to Attorney Zachary D. Prendergast Filed January 2, 2019 on Behalf of Receiver Jeff Lane
- January 7, 2019 Motion to Take Judicial Notice of Four Requests for Jeff Lane to Produce Report and Accounting
- January 7, 2019 Motion to Take Judicial Notice of Jeff Lane's Failure to Pay Ohio Elevator License Fee; and Sworn Affidavit of Marcus Fontain
- January 9, 2019 Motion, Opposition, Objections and Traverse to Jeff Lane's Receiver Report and Report Filed December 31, 2018
- January 14, 2019 Motion for Judicial Notice of Plaintiff Harjinder Sandhu's Delinquent Condominium Association Fees as of August 2018
- January 14, 2019 Motion for Judicial Notice of the Full and Final Settlement Agreement of this Case
- January 14, 2019 Motion for Judicial Notice of Fontain's Proof of Condominium Ownership in the Dina Towers Condominium Buildings
- January 14, 2019 Omnibus Reply and Opposition to Plaintiff Sandhu's Opposition for Contempt and to Amend Receiver Order
- January 14, 2019 Supplemental Exhibits to Fontain's Omnibus Motion as Evidence of Bad Faith and Fraudulent Acts by Plaintiff Harjinder Sandhu
- January 14, 2019 Supplemental Opposition, Objections and Traverse to Jeff Lane's Receiver Report and Accounting List Filed December 31, 2018
- January 15, 2019 Judicial Notice of Reply to Email from Attorney Prendergast to Attorney Kyle Rapier on Delinquent Elevator License Invoice
- January 15, 2019 Motion to Take Judicial Notice of Agreed Entry of Dismissal of Defendants and Vacating Trial Date
- January 16, 2019 Judicial Notice of Failure by Receiver Jeff Lane to Repair Boilers and Pay Utility Bills
- January 17, 2019 Judicial Notice of Citation for Elevator Safety Violations by the State of Ohio Department of Commerce
- January 17, 2019 Judicial Notice of Entry of Dismissal of This Case; Order Vacating Trial Date; and Order Terminating Receiver as of February 11, 2019
- January 30, 2019 Opposition to Brian O'Connell's Motion for Extension of Time to Respond to Defendant's Motion to Enforce Settlement Agreement

February 2019

6

- February 1, 2019 Opposition to Plaintiff to Amend the Settlement Agreement and to Enforce the Settlement and Award of Attorney Fees
- February 1, 2019 Motion to Strike Plaintiff's Opposition to Defendant's Motion to Enforce Settlement Agreement
- February 4, 2019 Judicial Notice of Affidavit and Declarations in Support of Defendant's Cross Motion for Enforcement of Settlement Agreement
- February 7, 2019 Notice of Failure to Pay Utility Bills of Dina Towers HOA by Receiver April L. Lane and Jeffrey S. Lane
- February 19, 2019 Response in Opposition to: Receiver's Motions and Supplemental Response in Opposition to Plaintiff's Motion

- June 18, 2019 Judicial Notice; Renewed Motion for Emergency Stay and Opposition to Judge Terrence Nestor Motion Opposing the Emergency stay – Original Action in Prohibition
- June 18, 2019 Memorandum in Opposition to the "Third Receiver's Report" and Clarification of Liability for the Deficit of the Receiver to be Taxed to the Sandhus

### D.      Defendant's Fraudulent Filings Under the Names of Purported Non-Parties

On July 9, 2019, attorneys Thomas J. Gruber and Michael P. Cussen entered

their appearance as counsel for Defendant.  At that point, instead of continuing to file

*pro se* pleadings with the Court in his own name, Defendant instead prepared and filed

frivolous pleadings with the Court under the names of various purported *pro se* non-

parties:

July 2019
- Bruce Elliott's July 26, 2019 Opposition to Proposed Order Partially Terminating Receivership and Fourth receiver Report Motion to Impose Receiver Deficit Upon the Plaintiffs; and Motion to End the Receivership
- Nany and Hisham Asha's July 29, 2019 Opposition to the Proposed Order Styled "Order Partially Terminating Receivership"; Opposition to the fourth Receiver Report and Motion to End the Receivership
- Bruce Elliott's July 29, 2019 Motion for Hearing Date and Oral Argument on Proposed Order Styled "Order Partially Terminating Receivership"
- Bruce Elliott's July 29, 2019 Notice of Filing Transcripts or Proceedings of January 17, 2019
- Isaac Fontain's July 29, 2019 Notice of Filing Proposed Order

7

- Isaac Fontain's July 29, 2019 Motion for Hearing Date and Oral Argument on Motion to Enforce Settlement Agreement; Final Judgment Order; and Court of Appeals Ruling
- Isaac Fontain's July 29, 2019 Notice of Receiver Report; Exhibits and Proposed Order
- Isaac Fontain's July 29, 2019 Opposition to Proposed Order Partially Terminating Receivership and Fourth Receiver Report; Motion to Impose Receiver Deficit Upon the Plaintiffs; and Motion to End the Receivership
- Nancy Asha's July 30, 2019 Motion to Recall, Set Aside and Quash the Proposed Order by Attorney Brian O'Connell; Motion to Terminate the Receivership; Alternatively Motion to Set Aside Settlement Agreement and to Void the Agreed Entry of Dismissal
- Nancy Asha's July 30, 2019 Notice of Fraud on the Court; Notice of Actual Fraud; Notice of Corruption; Notice of a Scheme to Defraud Plaintiffs Nancy and Hisham Asha; and Motion for Sanctions; Declaration of Nancy Asha

August 2019
- Nancy and Hisham Asha's August 2, 2019 (Omnibus) Motion and Affirmation in Support of Omnibus Motion
- Bruce Elliott's August 5, 2019 Proof of the Receiver's Fraud Through and Against the Water Company; Malfeasance and Misfeasance
- Nancy and Hisham Asha August 5, 2019 Demand Letter to Brian O'Connell to End Receivership; and $17,500 Payment Demand
- Bruce Elliott's August 5, 2019 Proof of Receiver's Fraud Through Insurance; Willful Negligence and Malfeasance
- Nancy and Hisham Asha's August 5, 2019 (Omnibus) Motion and Affirmation in Support of Omnibus Motion
- Nancy Asha's August 8, 2019 Proof of Service by U.S. Mail and Electronic Mail
- Nancy Asha's August 8, 2019 Opposition the New "Application for Receiver's Costs and Fee," Declaration of Nancy Asha and Notice of Ongoing Fraud by Brian O'Connell and Zachary Prendergast
- Bruce Elliott's August 16, 2019 Motion for Judgment on the Pleadings on the July 19, 2019, Memorandum; and Hearing Date Requested
- Bruce Elliott's August 16, 2019 Notice of Fraud by "Jeff Lane Receiver" Against the Association Through Insurance Premium

September 2019
- Nancy Asha's September 16, 2019 Rule 60(B) Motion for Relief From Judgment; Motion for Stay and Supporting Memorandum
- Bruce Elliott's September 20, 2019 Rule 60(B) and 60(B)(3) Motion for Relief from Judgment and Motion for Stay
- Nancy Asha's September 20, 2019 Motion to Set Aside and Vacate Judgment and Judgment Order for Intrinsic and Extrinsic Fraud

8

- Nancy Asha's September 23, 2019 Amended Rule 60(B)(3) Motion to Set Aside and Vacate Judgment and Judgment Order for Intrinsic and Extrinsic Fraud
- Isaac Fontain's September 27, 2019 Rule 60(B) Motion to Quash Order and Vacate Judgment; Common-Law Motion to Vacate Void Judgment for Abuse of Discretion; and Motion to Impose Costs and Fees Upon Plaintiffs

October 2019
- Isaac Fontain's October 2, 2019 Supplemental Common-Law Motion to Vacate Void Judgment for Lack of Jurisdiction and Abuse of Discretion and Motion for Evidentiary Hearing
- Isaac Fontain's October 7, 2019 Motion to Strike Brian J. O'Connell Plaintiffs' Motion for Extension of Time and Motion to Refer O'Connell for a Criminal Investigation for Embezzlement
- Isaac Fontain's October 8, 2019 Motion to Strike Brian J. O'Connell "Plaintiffs' Motion for Extension of Time" and Motion to Refer O'Connell for a Criminal Investigation for Embezzlement
- Isaac Fontain's October 8, 2019 (Renewed) Common-Law Motion to Vacate Void Judgment and Motion for Evidentiary Hearing
- Isaac Fontain's October 28, 2019 Dina Towers Association Rules and Regulations Judicial Notice
- Isaac Fontain's October 29, 2019 Rebuttal to Brian O'Connell's Memorandum Re: Several Motions and Motion for Evidentiary Hearing and Renewed Motion to Vacate Void Judgment

It has already been established that Defendant coerced Nancy Asha into signing several documents, took her signature from those documents, and forged it onto the documents purportedly filed by her with the Court in a *pro se* capacity. *See* Plaintiffs' October 25, 2019 Memorandum in Opposition to Several Motions at p. 2-3. Nancy Asha never even saw the documents that were purportedly filed by her. *Id.* Given Defendant's history of frivolous and improper behavior in this proceeding and others, and the obvious similarity in style and content of all the pleadings listed above, there can be no doubt that the purported filings of Bruce Elliott and Isaac Fontain were actually prepared and filed by Defendant as well.

9

### E. Defendant's Filing of Separate Actions in Other Courts

Defendant's consistent bad faith interference with this action was not limited to frivolous filings with this Court. Defendant also initiated actions in various other courts during the pendency of this action.

First, Defendant filed a Writ of Prohibition with the Ohio First District Court of Appeals and an Affidavit of Disqualification with the Supreme Court of Ohio seeking to have Judge Nestor removed from this action. *See In re Disqualification of Hon. Terry Nester*, Ohio S.Ct., Case No. 19-AP-025; *Marcus Fontain v. Hon. Terry Nestor*, 1st Dist. Hamilton No. C1900173, February 26, 2019 Original Action in Writ of Prohibition and Mandamus.

Second, Defendant, in a *pro se* capacity, filed an action against Plaintiffs in Hamilton County (Hamilton County Common Pleas Case No. A1901296 filed on March 12, 2019). The Complaint in this action included a laundry list of bogus claims against Plaintiffs and was a clear attempt to circumvent this Court's August 2, 2018 order to refrain from making *pro se* filings.

Third, Defendant, in a *pro se* capacity, filed a Civil Rights Complaint against Plaintiff Harjinder Sandhu in the U.S. District Court for the Southern District of Ohio (*See* S.D. Ohio Case No. 1:19-cv-00304 filed on April 26, 2019) in a further attempt to interfere with this action. Defendant sought a temporary restraining order in that action requesting that the U.S. District Court for the Southern District of Ohio enjoin the proceedings in this action. *Id.* at Doc. 4.

10

### F.    Plaintiffs' Costs and Attorney Fees

In total, Plaintiffs have incurred approximately $21,000.00 in costs and attorney

fees as a direct result of reviewing and addressing Defendant's recurrent frivolous filings

and improper interference with this action. *See* Affidavit of Brian J. O'Connell at ¶ 2.

### II.    ARGUMENT

This Court has jurisdiction to consider Plaintiffs' Motion under Civ.R. 11, which

provides the following:

> The signature of an attorney or *pro se* party constitutes a certificate by the
> attorney or party that the attorney or party has read the document; that to
> the best of the attorney's or party's knowledge, information, and belief
> there is good ground to support it; and that it is not interposed for delay . .
> . For a willful violation of this rule, an attorney or *pro se* party, upon motion
> of a party . . . may be subjected to appropriate action, including an award
> to the opposing party of expenses and reasonable attorney fees . . .

Civ.R. 11.

Defendant's consistent egregious and malicious behavior in this action falls

squarely within the purview of Civ.R. 11. This Court has already recognized that

Defendant's actions precipitated the Receiver's attorney fees. *See* September 12, 2019

Final Entry Terminating Receivership at p. 3. It is axiomatic that Defendant's frivolous

filings also precipitated Plaintiffs' attorney fees incurred in reviewing and responding to

them. There is no "good ground to support" Defendant's frivolous filings, and, given the

circumstances described above, it is axiomatic that the filings were "interposed for

delay." Civ.R. 11. Defendant has no conceivable defense to this Motion for Sanctions –

he cannot feign ignorance or good faith. This Court should not set a precedent that

allows such egregious, bad faith behavior made in clear disregard for the Court's

11

Orders, to escape the sanctions it warrants under applicable law. Civ.R. 11 exists to redress precisely the type of litigation practice employed by Defendant in this action.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs H&R Cincy Properties LLC and Harjinder Sandhu move the Court for the entry of an Order awarding sanctions, reasonable expenses and attorney fees incurred in this action against Defendant Marcus Fontaine in the amount of $20,800.

Respectfully submitted,

*/s/ Brian J. O'Connell*
Brian J. O'Connell (0059276)
Jeffrey A. Levine (0095334)
STRAUSS TROY CO., LPA
150 East Fourth Street, 4th Floor
Cincinnati, Ohio 45202
T: (513) 621-2120/F: (513) 241-8259
Email: bjoconnell@strausstroy.com
Email: jalevine@strausstroy.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served pursuant to Ohio Civ.R. 5(B)(2)(f) by electronic mail upon the following this 13th day of November, 2019:

Zachary D. Prendergast
ROBBINS, KELLY, PATTERSON & TUCKER
zprendergast@rkpt.com
*Counsel for Court-Appointed Receiver Prodigy Properties*

Thomas Gruber
Michael P. Cussen
MCCASLIN, IMBUS & MCCASLIN
tjgruber@mimlaw.com
mpcussen@mimlaw.com
*Counsel for Defendants*

*/s/ Brian J. O'Connell*
Brian J. O'Connell (0059276)

13605727.1

12

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| H&R CINCY PROPERTIES, LLC, *et al.*, | : | Case No. A1705644 |
| | : | |
| | : | Judge Terry Nestor |
| Plaintiffs, | : | |
| | : | AFFIDAVIT OF BRIAN J. O'CONNELL IN |
| v. | : | SUPPORT OF PLAINTIFFS' MOTION |
| | : | FOR SANCTIONS AGAINST |
| MARCUS ARTHUR FONTAINE, *et al.* | : | DEFENDANT MARCUS ARTHUR |
| | : | FONTAINE |
| Defendants. | : | |

| | |
|---|---|
| STATE OF OHIO | ) |
| | ) SS: |
| COUNTY OF HAMILTON | ) |

Affiant Brian J. O'Connell, after being first duly sworn and cautioned, deposes and states from his personal knowledge and belief as follows:

1.  I am an attorney at law, licensed to practice in the State of Ohio, and I am counsel of record for Plaintiffs Harjinder Sandhu and H&R Cincy Properties (collectively, "Plaintiffs") in the above-captioned action.

2.  Plaintiffs have incurred attorney fees of approximately $20,800 for Plaintiffs' counsel's work on the above-captioned action which has been incurred as a result of Defendant Marcus Fontaine's sanctionable conduct. A true and accurate summary of the attorney fees billed to Plaintiffs for work performed by my law firm relating to this action is attached hereto as Exhibit A. The circled entries are those resulting from the sanctionable conduct of Mr. Fontaine.

3.  The attorney fees incurred by Plaintiffs listed above are reasonable given the time and labor required, the novelty and difficulty of the questions involved, the skill required to perform the legal services properly, the fees customarily charged

in the locality for similar legal services, the amount involved, the results obtained, and the experience, reputation and ability of the attorneys performing the services.

Further, Affiant sayeth naught.

Brian L. O'Connell, Esq.

Sworn to and subscribed before me, a Notary Public, this 12 day of November, 2019.

Notary Public

Commission Expiration Date: _____

ROBYN L. SHAPIRO
Notary Public, State of Ohio
My Commission Expires
October 1, 2022

13693585.1

2

## Strauss Troy Co., LPA

Fees

110901 SANDHU, HARRY / 001 GENERAL

| Status | Bill | Date | Timekeeper | Matter | Matter Name | Hours | Billed Rate | Billed Total | Amount | Billed Discount | Narrative |
|--------|------|------|-----------|--------|-------------|-------|-------------|--------------|--------|-----------------|-----------|
| Paid | 770792 | 8/10/2018 | PSA | 001 | GENERAL | 0.20 | 310.00 | 62.00 | 62.00 | 0.00 | Confirm terms of settlement |
| Paid | 775343 | 8/10/2018 | BJO | 001 | GENERAL | 1.00 | 310.00 | 0.00 | 310.00 | 310.00 | Attend hearing on Appointment of Receiver; email to client and call to Receiver re same; call with client; call with Rapier (NO CHARGE). |
| Paid | 775343 | 8/13/2018 | BJO | 001 | GENERAL | 0.60 | 310.00 | 0.00 | 186.00 | 186.00 | Call from K. Rapier re ⬛⬛⬛ Norma Fontain wanting pleadings under seal; draft Entry for settlement (NO CHARGE). |
| Paid | 775343 | 8/14/2018 | BJO | 001 | GENERAL | 0.10 | 310.00 | 0.00 | 31.00 | 31.00 | Revise draft entry; email to K. Rapier (NO CHARGE). |
| Paid | 775343 | 8/15/2018 | BJO | 001 | GENERAL | 1.00 | 310.00 | 0.00 | 310.00 | 310.00 | Call with K. Rapier re ⬛⬛⬛ review draft of Settlement Agreement (NO CHARGE). |
| Paid | 775343 | 8/16/2018 | BJO | 001 | GENERAL | 0.20 | 310.00 | 0.00 | 62.00 | 62.00 | Email exchange re amount in escrow (NO CHARGE). |
| Paid | 775343 | 8/17/2018 | BJO | 001 | GENERAL | 1.50 | 310.00 | 0.00 | 465.00 | 465.00 | Review emails from Rapier and client; calls with both ⬛⬛⬛ calls with client ⬛⬛⬛ (NO CHARGE). |
| Paid | 775343 | 8/20/2018 | BJO | 001 | GENERAL | 0.10 | 310.00 | 0.00 | 31.00 | 31.00 | Email exchange with K. Rapier and client ⬛⬛⬛ (NO CHARGE). |
| Paid | 775343 | 8/21/2018 | BJO | 001 | GENERAL | 0.30 | 310.00 | 0.00 | 93.00 | 93.00 | Email to K. Rapier re ⬛⬛⬛ and email to Receiver re ⬛⬛⬛ (NO CHARGE). |
| Paid | 775343 | 8/22/2018 | BJO | 001 | GENERAL | 0.20 | 310.00 | 0.00 | 62.00 | 62.00 | Email exchange re ⬛⬛⬛; email exchange with Receiver (NO CHARGE). |
| Paid | 775343 | 8/27/2018 | BJO | 001 | GENERAL | 0.10 | 310.00 | 0.00 | 31.00 | 31.00 | Email of signed Settlement Agreement from client; email to K. Rapier re same; email signed agreement from Rapier; email re entries (NO CHARGE). |
| Paid | 775343 | 8/30/2018 | BJO | 001 | GENERAL | 0.20 | 310.00 | 0.00 | 62.00 | 62.00 | Respond to email from K. Rapier re ⬛⬛⬛ (NO CHARGE). |
| Paid | 775343 | 9/4/2018 | BJO | 001 | GENERAL | 0.10 | 310.00 | 0.00 | 31.00 | 31.00 | Call to K. Rapier re settlement check (NO CHARGE). |
| Paid | 775343 | 9/17/2018 | BJO | 001 | GENERAL | 0.20 | 310.00 | 0.00 | 62.00 | 62.00 | Email exchange re settlement check and ⬛⬛⬛ (NO CHARGE). |
| Paid | 775343 | 9/18/2018 | BJO | 001 | GENERAL | 0.10 | 310.00 | 0.00 | 31.00 | 31.00 | Call with K. Rapier and email to K. Rapier re settlement check (NO CHARGE). |
| Paid | 775343 | 9/20/2018 | BJO | 001 | GENERAL | 0.20 | 310.00 | 0.00 | 62.00 | 62.00 | Arrange for settlement payments; emails with client and with Rapier (NO CHARGE). |
| Paid | 775343 | 9/25/2018 | BJO | 001 | GENERAL | 0.10 | 310.00 | 0.00 | 31.00 | 31.00 | Arrange for delivery of escrow check and filing of settlement entries (NO CHARGE). |
| Paid | 775343 | 9/25/2018 | RJS | 001 | GENERAL | 0.50 | 135.00 | 0.00 | 67.50 | 67.50 | Deliver Entries to Judge Martin's Chambers at Hamilton County Common Pleas Court (NO CHARGE). |
| Paid | 775343 | 10/25/2018 | BJO | 001 | GENERAL | 0.20 | 310.00 | 0.00 | 62.00 | 62.00 | Left voicemail with attorney for Receiver; compile list of priorities (NO CHARGE). |
| Paid | 775343 | 10/31/2018 | BJO | 001 | GENERAL | 0.20 | 310.00 | 0.00 | 62.00 | 62.00 | Left voicemail with Receiver's attorney re ⬛⬛⬛ call from K. Rapier (NO CHARGE). |
| Paid | 775343 | 11/5/2018 | BJO | 001 | GENERAL | 0.50 | 310.00 | 0.00 | 155.00 | 155.00 | Email exchange ⬛⬛⬛ emails re ⬛⬛⬛ (NO CHARGE). |
| Paid | 775343 | 11/6/2018 | BJO | 001 | GENERAL | 0.20 | 310.00 | 0.00 | 62.00 | 62.00 | Email to Receiver and client re ⬛⬛⬛ (NO CHARGE). |



EXHIBIT
A

## 110901 SANDHU, HARRY / 001 GENERAL

| Status | Bill | Date | Timekee | Matter | Matter Name | Hours | Billed Rate | Billed Total | Amount | Bld Discount | Narrative |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Paid | 775343 | 11/7/2018 | BJO | 001 | GENERAL | 1.00 | 310.00 | 0.00 | 310.00 | 310.00 | Draft Motion for Restraining Order against Fontain; emails re same; email to Receiver (NO CHARGE). |
| Paid | 775343 | 11/9/2018 | BJO | 001 | GENERAL | 0.10 | 310.00 | 0.00 | 31.00 | 31.00 | Call from client re motion (NO CHARGE). |
| Paid | 775343 | 11/12/2018 | BJO | 001 | GENERAL | 1.00 | 310.00 | 0.00 | 310.00 | 310.00 | Revise Motion; email to Receiver (NO CHARGE). |
| Paid | 775343 | 11/28/2018 | BJO | 001 | GENERAL | 0.50 | 310.00 | 0.00 | 155.00 | 155.00 | Call with client and Receiver re ▇▇▇▇▇▇▇▇ (NO CHARGE) |
| Paid | 775343 | 11/30/2018 | BJO | 001 | GENERAL | 0.20 | 310.00 | 0.00 | 62.00 | 62.00 | Meeting with P. Ashdown and email to Receiver re ▇▇▇▇▇▇ (NO CHARGE) |
| Billed | 775343 | 11/30/2018 | PSA | 001 | GENERAL | 1.00 | 310.00 | 310.00 | 310.00 | 0.00 | (Dina Towers) Conference with Mr. O'Connell ▇▇▇▇▇▇▇ |
| Billed | 775343 | 12/26/2018 | BJO | 001 | GENERAL | 0.20 | 310.00 | 62.00 | 62.00 | 0.00 | Draft Motion for Extension of Time. |
| Paid | 775343 | 12/27/2018 | RJS | 001 | GENERAL | 0.60 | 135.00 | 0.00 | 81.00 | 81.00 | File motion for extension at Hamilton County Common Pleas Court; Attempt to deliver filed motion and order to Judge Martin's Chamber. Deliver motion and entry to Judge Martin's mailbox (NO CHARGE). |
| Billed | 775343 | 12/31/2018 | BJO | 001 | GENERAL | 0.10 | 310.00 | 31.00 | 31.00 | 0.00 | Review report filed by Receiver; email to client. |
| Billed | 775343 | 1/2/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 31.00 | 31.00 | 0.00 | Review Receiver's Brief in Opposition. |
| Billed | 775343 | 1/3/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 31.00 | 31.00 | 0.00 | Call with Receiver's counsel. |
| Billed | 775343 | 1/4/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 31.00 | 31.00 | 0.00 | Call from court and email to client re hearing date. |
| Billed | 775343 | 1/7/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 31.00 | 31.00 | 0.00 | Call to court to confirm hearing date and time. |
| Billed | 775343 | 1/10/2019 | BJO | 001 | GENERAL | 2.00 | 310.00 | 620.00 | 620.00 | 0.00 | Opposition to Defendant's Motions. |
| Billed | 775343 | 1/11/2019 | BJO | 001 | GENERAL | 2.00 | 310.00 | 620.00 | 620.00 | 0.00 | Revise Opposition to Fontain's Motion; collect exhibits; file and serve. |
| Billed | 775343 | 1/11/2019 | WSO | 001 | GENERAL | 0.50 | 170.00 | 85.00 | 85.00 | 0.00 | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ |
| Paid | 775343 | 1/11/2019 | RLS | 001 | GENERAL | 0.25 | 175.00 | 0.00 | 43.75 | 43.75 | Conference with Brian O'Connell; review docket and prepare download of pleadings (NO CHARGE). |
| Billed | 775343 | 1/17/2019 | BJO | 001 | GENERAL | 3.50 | 310.00 | 1,085.00 | 1,085.00 | 0.00 | Review filings and prepare for oral argument; attend hearing; email update to client. |
| Billed | 775343 | 1/18/2019 | BJO | 001 | GENERAL | 0.30 | 310.00 | 93.00 | 93.00 | 0.00 | Email from client; call with K. Rapier and email to Rapier re settlement. |
| Billed | 775343 | 1/23/2019 | BJO | 001 | GENERAL | 0.30 | 310.00 | 93.00 | 93.00 | 0.00 | Left message with K. Rapier re▇▇▇▇▇▇email to client; call with Receiver's counsel. |
| Billed | 775343 | 1/24/2019 | BJO | 001 | GENERAL | 0.60 | 310.00 | 186.00 | 186.00 | 0.00 | Call with K. Rapier and client; email to K. Rapier re▇▇▇▇▇▇▇ |
| Billed | 775343 | 1/25/2019 | BJO | 001 | GENERAL | 0.50 | 310.00 | 155.00 | 155.00 | 0.00 | Draft Motion for Extension of Time to Respond to Defendant's Motion; call with Receiver; revise motion. |
| Billed | 775343 | 1/26/2019 | BJO | 001 | GENERAL | 0.70 | 310.00 | 217.00 | 217.00 | 0.00 | Draft Opposition to Defendant's Motion to Enforce Settlement Agreement. |
| Billed | 775343 | 1/28/2019 | BJO | 001 | GENERAL | 0.50 | 310.00 | 155.00 | 155.00 | 0.00 | Email exchanges with Defendants, Receiver and client; call to Defendants' counsel re▇▇▇▇▇▇ revise opposition to Defendants' motion. |
| Billed | 775343 | 1/29/2019 | BJO | 001 | GENERAL | 0.20 | 310.00 | 62.00 | 62.00 | 0.00 | Email to Receiver's counsel re▇▇▇▇▇▇▇▇▇ email exchange with client re▇▇▇▇ |

## 110901 SANDHU, HARRY / 001 GENERAL

| Status | Bill | Date | Timekee | Matter | Matter Name | Hours | Billed Rate | Billed Total | Amount | lled Discount | Narrative |
|--------|------|------|---------|--------|-------------|-------|-------------|--------------|--------|---------------|-----------|
| Billed | 775343 | 1/30/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 31.00 | 31.00 | 0.00 | Email exchange re scheduling of hearing on motions |
| Billed | 775343 | 1/31/2019 | BJO | 001 | GENERAL | 0.30 | 310.00 | 93.00 | 93.00 | 0.00 | Email exchange with K. Rapier re ⬛⬛⬛ |
| Billed | 777106 | 2/1/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 23.96 | 31.00 | 7.04 | Email exchange re ⬛⬛ |
| Billed | 777106 | 2/5/2019 | BJO | 001 | GENERAL | 0.20 | 310.00 | 47.92 | 62.00 | 14.08 | Call with K. Rapier re ⬛⬛⬛⬛⬛⬛ |
| Billed | 777106 | 2/6/2019 | BJO | 001 | GENERAL | 0.40 | 310.00 | 95.83 | 124.00 | 28.17 | Call with client re ⬛⬛⬛⬛⬛⬛ email exchange with Receiver; emails from client. |
| Billed | 777106 | 2/7/2019 | BJO | 001 | GENERAL | 3.10 | 310.00 | 742.71 | 961.00 | 218.29 | Prepare for hearing on Motion to Amend Order Appointing Receiver and Opposition to Motion to Enforce Settlement Agreement; attend hearing; discussions with client, Receiver and Defendants' counsel; review Receiver's filings. |
| Paid | 777106 | 2/8/2019 | BJO | 001 | GENERAL | 0.20 | 310.00 | 0.00 | 62.00 | 62.00 | Review K. Rapier's Motion to Withdraw; collect information for Civil Protective Order (NO CHARGE). |
| Billed | 777106 | 2/8/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 23.96 | 31.00 | 7.04 | Review draft entry from Z. Pendergast; emails re same. |
| Billed | 777106 | 2/11/2019 | BJO | 001 | GENERAL | 0.30 | 310.00 | 71.87 | 93.00 | 21.13 | Call with K. Rapier re ⬛⬛⬛⬛⬛ |
| Billed | 777106 | 2/14/2019 | BJO | 001 | GENERAL | 1.10 | 310.00 | 263.54 | 341.00 | 77.46 | Phone call with Z. Pendergast and K. Rapier re ⬛⬛⬛⬛ |
| Billed | 777106 | 2/15/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 23.96 | 31.00 | 7.04 | Review email from client re ⬛⬛⬛⬛⬛ |
| Billed | 777106 | 2/17/2019 | BJO | 001 | GENERAL | 0.20 | 310.00 | 23.96 | 62.00 | 7.04 | Email to client re ⬛⬛⬛⬛⬛ |
| Billed | 777106 | 2/18/2019 | BJO | 001 | GENERAL | 2.50 | 310.00 | 598.96 | 775.00 | 176.04 | Prepare response to Receiver's motion and legal research for same |
| Billed | 777106 | 2/19/2019 | BJO | 001 | GENERAL | 1.30 | 310.00 | 311.46 | 403.00 | 91.54 | Call with K. Rapier re upcoming hearing on contempt; call with client; email exchange with client; revise brief. |
| Billed | 777106 | 2/27/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 23.96 | 31.00 | 7.04 | Review Reply filed by Receiver; email to client regarding same. |
| Billed | 777106 | 2/28/2019 | BJO | 001 | GENERAL | 0.20 | 310.00 | 47.91 | 62.00 | 14.09 | Call from K. Rapier regarding Fontain filing Writ of Prohibition; review same. |
| Billed | 778994 | 3/1/2019 | BJO | 001 | GENERAL | 0.30 | 310.00 | 72.86 | 93.00 | 20.14 | Receive notice of stay from Ohio Supreme Court; emails to client re Fontain; call with client. |
| Billed | 778994 | 3/7/2019 | BJO | 001 | GENERAL | 0.20 | 310.00 | 48.57 | 62.00 | 13.43 | Research re responding to writ of probation; email to Zack Pendergrass. |
| Billed | 778994 | 3/18/2019 | BJO | 001 | GENERAL | 0.50 | 310.00 | 121.43 | 155.00 | 33.57 | Initial review of Fontain Complaint; call with client and K. Rapier re same. |
| Billed | 778994 | 3/19/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 24.29 | 31.00 | 6.71 | Emails with court re rescheduling hearing. |
| Billed | 778994 | 3/20/2019 | BJO | 001 | GENERAL | 0.20 | 310.00 | 48.57 | 62.00 | 13.43 | Emails re ⬛⬛⬛⬛⬛ |
| Billed | 778994 | 3/22/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 24.28 | 31.00 | 6.72 | Call with K. Rapier re status of case. |
| Billed | 781151 | 4/2/2019 | BJO | 001 | GENERAL | 0.50 | 310.00 | 142.08 | 155.00 | 12.92 | Call with Z. Pendergast re ⬛⬛⬛⬛⬛ draft Stipulated Extension and email ⬛⬛⬛ |
| Billed | 781151 | 4/3/2019 | BJO | 001 | GENERAL | 0.30 | 310.00 | 85.25 | 93.00 | 7.75 | Call with client re ⬛⬛⬛⬛⬛ call from B. Rudell re added to suit. |
| Billed | 781151 | 4/4/2019 | BJO | 001 | GENERAL | 0.30 | 310.00 | 85.25 | 93.00 | 7.75 | Call with client and email to Z. Pendergast. |
| Billed | 781151 | 4/5/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 28.42 | 31.00 | 2.58 | File Stipulated Extension; emails with Receiver re ⬛⬛⬛⬛ |

11/4/2019 10:43

## 110901 SANDHU, HARRY / 001 GENERAL

| Status | Bill | Date | Timekeeper | Matter | Matter Name | Hours | Billed Rate | Billed Total | Amount | Billed Discount | Narrative |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Billed | 781151 | 4/8/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 28.42 | 31.00 | 2.58 | Email exchange with Receiver and client. |
| Billed | 781151 | 4/11/2019 | JAL | 001 | GENERAL | 3.50 | 225.00 | 394.25 | 787.50 | 393.25 | Prepared Motion to Dismiss Complaint filed by Marcus Fontain; legal research regarding same; conference with Brian O'Connell regarding same (DISCOUNTED 50%) |
| Billed | 781151 | 4/11/2019 | BJO | 001 | GENERAL | 0.20 | 310.00 | 56.83 | 62.00 | 5.17 | Call with K. Rapier and voicemail to Receiver re upcoming motion hearing. |
| Paid | 781151 | 4/11/2019 | JAL | 001 | GENERAL | 0.20 | 225.00 | 0.00 | 45.00 | 45.00 | Conference with Brian O'Connell regarding response to Complaint filed by Marcus Fontain (NO CHARGE). |
| Billed | 781151 | 4/15/2019 | BJO | 001 | GENERAL | 0.20 | 310.00 | 56.83 | 62.00 | 5.17 | Email exchange with client re [...] email to Receiver. |
| Billed | 781151 | 4/16/2019 | BJO | 001 | GENERAL | 0.60 | 310.00 | 170.50 | 186.00 | 15.50 | Email to Z. Pendergast re [...] email from and call to client. |
| Billed | 781151 | 4/17/2019 | BJO | 001 | GENERAL | 3.00 | 310.00 | 465.00 | 930.00 | 465.00 | Prepare Motion to Consolidate; review of Fontain's complaint for same (DISCOUNTED 50%) |
| Billed | 781151 | 4/17/2019 | BJO | 001 | GENERAL | 1.40 | 310.00 | 397.83 | 434.00 | 36.17 | Prepare letter for Receiver [...]; emails re [...] to client and to Z. Pendergast. |
| Billed | 781151 | 4/18/2019 | BJO | 001 | GENERAL | 1.10 | 310.00 | 170.50 | 341.00 | 170.50 | Revise Motion to Consolidate; attempt to call Z. Pendergast; email to client (DISCOUNTED 50%) |
| Billed | 781151 | 4/19/2019 | BJO | 001 | GENERAL | 0.20 | 310.00 | 56.83 | 62.00 | 5.17 | Email to J. Levine re Motion to Dismiss. |
| Billed | 781151 | 4/22/2019 | BJO | 001 | GENERAL | 2.00 | 310.00 | 310.00 | 620.00 | 310.00 | Call with and emails to Receiver's counsel re Motion to Consolidate and other items; revise motion (DISCOUNTED 50%). |
| Billed | 781151 | 4/23/2019 | BJO | 001 | GENERAL | 1.30 | 310.00 | 369.42 | 403.00 | 33.58 | Revise Supplemental Brief on Assessment of Fees; email to Receiver; [...] email to Receiver and client. |
| Billed | 781151 | 4/24/2019 | BJO | 001 | GENERAL | 0.50 | 310.00 | 77.50 | 155.00 | 77.50 | Prepare proposed order for Motion to Consolidate (DISCOUNTED 50%) |
| Billed | 781151 | 4/24/2019 | BJO | 001 | GENERAL | 0.50 | 310.00 | 142.08 | 155.00 | 12.92 | Draft Affidavit for Supplemental Brief on Assessment of Fees; message to Z. Pendergast and emails with client re same; review brief. |
| Billed | 781151 | 4/24/2019 | JAL | 001 | GENERAL | 1.00 | 225.00 | 112.50 | 225.00 | 112.50 | Review of Complaint filed by Marcus Fontain; prepared Motion to Dismiss same; legal research regarding same (DISCOUNTED 50%). |
| Billed | 781151 | 4/25/2019 | BJO | 001 | GENERAL | 2.00 | 310.00 | 568.33 | 620.00 | 51.67 | Call with client and Receiver re [...]; emails re [...] revise Motion to Consolidate and Supplemental Brief; call to and email from Z. Pendergast re [...] |
| Billed | 781151 | 4/25/2019 | JAL | 001 | GENERAL | 1.50 | 225.00 | 168.75 | 337.50 | 168.75 | Prepared Motion to Dismiss Complaint filed by Marcus Fontain; legal research regarding same (DISCOUNTED 50%). |
| Billed | 781151 | 4/29/2019 | BJO | 001 | GENERAL | 1.60 | 310.00 | 454.67 | 496.00 | 41.33 | Collect filings in preparation for hearing; call with client; prepare for hearing. |
| Billed | 781151 | 4/30/2019 | BJO | 001 | GENERAL | 3.00 | 310.00 | 852.51 | 930.00 | 77.49 | Review Receiver's Motion for Contempt; forward to client; prepare for hearing; research; attend hearing. |
| Billed | 781151 | 4/30/2019 | JAL | 001 | GENERAL | 4.50 | 225.00 | 506.25 | 1,012.50 | 506.25 | Prepared Motion to Dismiss Complaint filed by Marcus Fontain; legal research regarding same, conference with Brian O'Connell regarding same (DISCOUNTED 50%). |
| Billed | 783048 | 5/2/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 28.57 | 31.00 | 2.43 | Email Plaintiff's report to Receiver's Motion for Fees to Z. Prendergast. |
| Billed | 783048 | 5/2/2019 | JAL | 001 | GENERAL | 4.70 | 225.00 | 500.00 | 1,057.50 | 557.50 | Prepared Motion to Dismiss Complaint filed by Marcus Fontain; legal research regarding same, conference with Rick Wayne regarding same (DISCOUNTED $557.50). |
| Billed | 783048 | 5/3/2019 | JAL | 001 | GENERAL | 4.00 | 225.00 | 450.00 | 900.00 | 450.00 | Prepared Motion to Dismiss Complaint filed by Marcus Fontain; legal research regarding same (DISCOUNTED $450.00). |

11/4/2019 10:43

## 110901 SANDHU, HARRY / 001 GENERAL

| Status | Bill | Date | Timekeep | Matter | Matter Name | Hours | Billed Rate | Billed Total | Amount | Billed Discount | Narrative |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Billed | 783048 | 5/6/2019 | BJO | 001 | GENERAL | 0.30 | 310.00 | 85.71 | 93.00 | 7.29 | Initial review of draft motion to dismiss; meeting with J. Levine re same. |
| Billed | 783048 | 5/7/2019 | BJO | 001 | GENERAL | 2.50 | 310.00 | 714.29 | 775.00 | 60.71 | Revise Motion to Dismiss; calls with and emails with J. Levine re same; draft affidavit for same. |
| Billed | 783048 | 5/7/2019 | JAL | 001 | GENERAL | 1.70 | 225.00 | 190.00 | 382.50 | 192.50 | Prepared Motion to Dismiss Complaint filed by Marcus Fontain; legal research regarding same; conference with Brian O'Connell regarding same (DISCOUNTED $192.50). |
| Billed | 783048 | 5/8/2019 | BJO | 001 | GENERAL | 1.00 | 310.00 | 285.71 | 310.00 | 24.29 | Finalize Motion to Dismiss. |
| Billed | 783048 | 5/8/2019 | JAL | 001 | GENERAL | 2.30 | 225.00 | 250.00 | 517.50 | 267.50 | Prepared and filed Motion to Dismiss Complaint filed by Marcus Fontain; legal research regarding same; conference with Brian O'Connell regarding same (DISCOUNTED $267.50). |
| Billed | 783048 | 5/13/2019 | BJO | 001 | GENERAL | 0.20 | 310.00 | 57.14 | 62.00 | 4.86 | Call with Z. Prendergast re |
| Billed | 783048 | 5/13/2019 | JAL | 001 | GENERAL | 0.50 | 225.00 | 50.00 | 112.50 | 62.50 | Review of federal Complaint; prepared Motion to Dismiss same (DISCOUNTED $62.50). |
| Billed | 783048 | 5/15/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 28.57 | 31.00 | 2.43 | Review Receiver's Motion to Dismiss Fontain state court case. |
| Billed | 783048 | 5/15/2019 | JAL | 001 | GENERAL | 4.70 | 225.00 | 500.00 | 1,057.50 | 557.50 | Prepared Motion to Dismiss federal complaint; legal research regarding same (DISCOUNTED $557.50). |
| Billed | 783048 | 5/16/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 28.57 | 31.00 | 2.43 | Call from S. Hunt re being approached by Fontain to represent him in case. |
| Billed | 783048 | 5/16/2019 | JAL | 001 | GENERAL | 0.70 | 225.00 | 75.00 | 157.50 | 82.50 | Prepared Motion to Dismiss federal complaint; legal research regarding same (DISCOUNTED $82.50). |
| Billed | 783048 | 5/17/2019 | JAL | 001 | GENERAL | 1.00 | 225.00 | 100.00 | 225.00 | 125.00 | Prepared Motion to Dismiss federal complaint; legal research regarding same (DISCOUNTED $125.00). |
| Billed | 783048 | 5/20/2019 | BJO | 001 | GENERAL | 0.20 | 310.00 | 57.14 | 62.00 | 4.86 | Call to client re _____ email to Prendergast re _____ |
| Billed | 783048 | 5/20/2019 | BJO | 001 | GENERAL | 0.50 | 310.00 | 142.86 | 155.00 | 12.14 | Review and revise Motion to Dismiss in federal court Fontain action; review magistrate decision on Plaintiff's motion. |
| Billed | 783048 | 5/20/2019 | JAL | 001 | GENERAL | 2.00 | 225.00 | 225.00 | 450.00 | 225.00 | Review of Report and Recommendation; revised Motion to Dismiss; legal research regarding same (DISCOUNTED $225.00). |
| Billed | 783048 | 5/21/2019 | BJO | 001 | GENERAL | 0.20 | 310.00 | 57.14 | 62.00 | 4.86 | Check status of filing in Fontain state court case. |
| Billed | 783048 | 5/21/2019 | JAL | 001 | GENERAL | 0.30 | 225.00 | 30.00 | 67.50 | 37.50 | Revised Motion to Dismiss; legal research regarding same (DISCOUNTED $37.50). |
| Billed | 783048 | 5/28/2019 | BJO | 001 | GENERAL | 0.80 | 310.00 | 228.57 | 248.00 | 19.43 | Check court docket; draft Reply in Support of Unopposed Motion to Dismiss; attend case management conference. |
| Billed | 783048 | 5/29/2019 | BJO | 001 | GENERAL | 0.20 | 310.00 | 57.14 | 62.00 | 4.86 | Email to Plaintiff re not agreeing to extension of time; call from attorney for Fontain. |
| Billed | 783048 | 5/30/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 28.59 | 31.00 | 2.41 | Email exchange with court re assessment of the Receiver's costs. |
| Billed | 785054 | 6/3/2019 | BJO | 001 | GENERAL | 0.60 | 310.00 | 186.00 | 186.00 | 0.00 | Review Fontain's Ex Parte Motion and file Reply out of time; revise Opposition to Motion for Extension of Time. |
| Billed | 785054 | 6/3/2019 | JAL | 001 | GENERAL | 4.30 | 225.00 | 450.00 | 967.50 | 517.50 | Review of Marcus Fontain's Application for Leave to File Reply Briefs; prepared Memorandum in Opposition to same; legal research regarding same; conference with BJO regarding same (DISCOUNTED $517.50). |
| Billed | 785054 | 6/4/2019 | BJO | 001 | GENERAL | 0.20 | 310.00 | 62.00 | 62.00 | 0.00 | Finalize and arrange for filing of Opposition to Application for Additional Time and oppose Motion to Dismiss; email to client. |
| Paid | 785054 | 6/5/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 0.00 | 31.00 | 31.00 | Initial review of Fontain's Opposition to Motion to Dismiss (NO CHARGE). |

11/4/2019 10:43

Page 5 of 7

## 110901 SANDHU, HARRY / 001 GENERAL

| Status | Bill | Date | Timekeeper | Matter | Matter Name | Hours | Billed Rate | Billed Total | Amount | Billed Discount | Narrative |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Billed | 785054 | 6/6/2019 | JAL | 001 | GENERAL | 1.50 | 225.00 | 157.00 | 337.50 | 180.50 | Prepared Reply in Support of Motion to Dismiss Complaint filed by Marcus Fontain (DISCOUNTED $180.50). |
| Billed | 785054 | 6/7/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 31.00 | 31.00 | 0.00 | Initial review of Fontain's filings; email to J. Levine re responding and Motion to Disqualify. |
| Billed | 785054 | 6/7/2019 | JAL | 001 | GENERAL | 3.00 | 225.00 | 337.00 | 675.00 | 338.00 | Prepared Motion to Strike Marcus Fontain's Memorandum in Opposition to Motion to Dismiss; review of Marcus Fontain's Motion to Disqualify; prepared Memorandum in Opposition to same (DISCOUNTED $338.00). |
| Billed | 785054 | 6/9/2019 | BJO | 001 | GENERAL | 0.20 | 310.00 | 62.00 | 62.00 | 0.00 | Review and revise Motion to Strike. |
| Billed | 785054 | 6/10/2019 | JAL | 001 | GENERAL | 2.00 | 225.00 | 225.00 | 450.00 | 225.00 | Prepared Memorandum in Opposition to Marcut Fontain's Motion to Disqualify (DISCOUNTED $225.00). |
| Paid | 785054 | 6/10/2019 | JAL | 001 | GENERAL | 0.20 | 225.00 | 0.00 | 45.00 | 45.00 | Finalized, filed and served Motion to Strike Marcus Fontain's Memorandum in Opposition to Motion to Dismiss (NO CHARGE). |
| Billed | 785054 | 6/11/2019 | BJO | 001 | GENERAL | 0.30 | 310.00 | 93.00 | 93.00 | 0.00 | Review and revise Opposition to Motion to Disqualify; call with client; email to Receiver. |
| Billed | 785054 | 6/11/2019 | JAL | 001 | GENERAL | 1.50 | 225.00 | 157.00 | 337.50 | 180.50 | Prepared, filed and served Memorandum in Opposition to Marcus Fontain's Motion to Disqualify; legal research regarding same (DISCOUNTED $180.50). |
| Billed | 785054 | 6/12/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 31.00 | 31.00 | 0.00 | Review Fontain Opposition to Response to Motion for Extension of Time. |
| Billed | 785054 | 6/14/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 31.00 | 31.00 | 0.00 | Review Receiver's Reply Memo on Motion to Dismiss. |
| Billed | 785054 | 6/14/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 31.00 | 31.00 | 0.00 | Email exchange with court re resetting hearing with Judge Nester on Receiver issue. |
| Billed | 785054 | 6/21/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 31.00 | 31.00 | 0.00 | Call from third attorney approached by Fontaine, M. Bonn. |
| Billed | 786926 | 7/2/2019 | BJO | 001 | GENERAL | 0.20 | 310.00 | 62.00 | 62.00 | 0.00 | Call with Z. Prendergast re ▓▓▓▓▓▓▓ |
| Billed | 786926 | 7/8/2019 | BJO | 001 | GENERAL | 0.20 | 310.00 | 62.00 | 62.00 | 0.00 | Review email from client re ▓▓▓▓▓▓▓▓▓▓▓▓ call to and mail to Z. Prendergast. |
| Billed | 786926 | 7/9/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 31.00 | 31.00 | 0.00 | Review Motion to Quash and Opposition to Default filed by Receiver in Fontain state court action; prepare Motion to Quash Subpoena served on ST and client. |
| Billed | 786926 | 7/9/2019 | BJO | 001 | GENERAL | 3.10 | 310.00 | 961.00 | 961.00 | 0.00 | Emails from and calls with Z. Prendergast re ▓▓▓▓▓▓▓▓▓▓▓ prepare for and attend hearing with court re same. |
| Billed | 786926 | 7/10/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 31.00 | 31.00 | 0.00 | Review entries from Judge Cooper denying two of Fontain's motions. |
| Billed | 786926 | 7/10/2019 | BJO | 001 | GENERAL | 1.10 | 310.00 | 341.00 | 341.00 | 0.00 | Prepare revised proposed order; emails with Z. Prendergast re same. |
| Billed | 786926 | 7/11/2019 | BJO | 001 | GENERAL | 2.20 | 310.00 | 682.00 | 682.00 | 0.00 | Review ▓▓▓▓▓▓▓▓▓▓▓▓▓, emails and calls with client and Z. Prendergast. |
| Billed | 786926 | 7/12/2019 | BJO | 001 | GENERAL | 0.50 | 310.00 | 155.00 | 155.00 | 0.00 | Call with J. Lane; review and revise Agreed Entry; email to Z. Prendergast re same. |
| Billed | 786926 | 7/15/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 31.00 | 31.00 | 0.00 | Email to Z. Prendergast re proposed order. |
| Billed | 786926 | 7/19/2019 | BJO | 001 | GENERAL | 0.20 | 310.00 | 62.00 | 62.00 | 0.00 | Review Fontain Supplemental Brief, emails re same. |
| Billed | 786926 | 7/22/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 31.00 | 31.00 | 0.00 | Review filings; email to client re same. |
| Paid - W/O | 789361 | 8/5/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 0.00 | 31.00 | 0.00 | Review entry granting motion to quash subpoena on client and BJO. |
| Billed | 789361 | 8/5/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 26.67 | 31.00 | 4.33 | Review entry granting motion to quash subpoena on client and |

11/4/2019 10:43

Page 6 of 7

## 110901 SANDHU, HARRY / 001 GENERAL

| Status | Bill | Date | Timekeep | Matter | Matter Name | Hours | Billed Rate | Billed Total | Amount | Bed Discount | Narrative |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | BJO. |
| Billed | 789361 | 8/19/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 26.67 | 31.00 | 4.33 | Email exchange re hearing with Judge Nester on motions. |
| Billed | 789361 | 8/20/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 26.66 | 31.00 | 4.34 | Emails re hearing scheduling with court. |
| Billed | 791363 | 9/8/2019 | BJO | 001 | GENERAL | 0.80 | 310.00 | 248.00 | 248.00 | 0.00 | Prepare for hearing. |
| Billed | 791363 | 9/9/2019 | BJO | 001 | GENERAL | 3.10 | 310.00 | 961.00 | 961.00 | 0.00 | Prepare for and attend hearing on motions; argument before Judge Nester. |
| Billed | 791363 | 9/12/2019 | BJO | 001 | GENERAL | 0.30 | 310.00 | 93.00 | 93.00 | 0.00 | Review entry from Judge Nester on motions; email to client; review ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓email to Zach. |
| Billed | 791363 | 9/16/2019 | JAL | 001 | GENERAL | 0.30 | 225.00 | 67.50 | 67.50 | 0.00 | Prepared Motion for Sanctions. |
| Billed | 791363 | 9/20/2019 | JAL | 001 | GENERAL | 0.50 | 225.00 | 112.50 | 112.50 | 0.00 | Prepared Memorandum in Opposition to Plaintiff Nancy Asha's Rule 60(B) Motion for Relief from Judgment and Motion for Stay. |
| Billed | 791363 | 9/27/2019 | BJO | 001 | GENERAL | 0.60 | 310.00 | 186.00 | 186.00 | 0.00 | Meeting with J. Levine re responding to Asha's motion and motion for sanctions. |
| Billed | 791363 | 9/30/2019 | BJO | 001 | GENERAL | 0.20 | 310.00 | 62.00 | 62.00 | 0.00 | Review latest filings; emails to client. |
| Tagged | 793335 | 10/2/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 31.00 | 31.00 | 0.00 | Voicemail to J. Levine re responding to Defendants R. 60(B) motion. |
| Tagged | 793335 | 10/3/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 31.00 | 31.00 | 0.00 | Meeting with J. Levine re strategy on opposing post judgment motion. |
| Tagged | 793335 | 10/4/2019 | JAL | 001 | GENERAL | 1.50 | 225.00 | 337.50 | 337.50 | 0.00 | Correspondance with Judge Nestor's clerk regarding responses to various motions; prepared and filed Motion for Extension of Time. |
| Tagged | 793335 | 10/7/2019 | BJO | 001 | GENERAL | 0.40 | 310.00 | 124.00 | 124.00 | 0.00 | Call with H. Sandhu and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓; email to/from court reporter and Z. Prendergast. |
| Tagged | 793335 | 10/8/2019 | BJO | 001 | GENERAL | 0.20 | 310.00 | 62.00 | 62.00 | 0.00 | Review Notice of Appeal; email to client and emails with court reporter. |
| Tagged | 793335 | 10/14/2019 | BJO | 001 | GENERAL | 0.30 | 310.00 | 93.00 | 93.00 | 0.00 | Email exchange with client; left voicemail ▓▓▓▓▓▓▓ |
| Tagged | 793335 | 10/15/2019 | BJO | 001 | GENERAL | 2.70 | 310.00 | 837.00 | 837.00 | 0.00 | Review Asha filings and declaration; meeting ▓▓▓▓▓▓▓▓▓▓▓▓ re ▓▓▓▓▓ prepare affidavit for Asha. |
| Tagged | 793335 | 10/15/2019 | JAL | 001 | GENERAL | 0.20 | 225.00 | 45.00 | 45.00 | 0.00 | Correspondence with Judge Nestor's clerk regarding status of scheduling order. |
| Tagged | 793335 | 10/16/2019 | BJO | 001 | GENERAL | 0.30 | 310.00 | 93.00 | 93.00 | 0.00 | Draft Affidavit for N. Asha. |
| Tagged | 793335 | 10/17/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 31.00 | 31.00 | 0.00 | Call with ▓▓▓▓▓▓ re ▓▓ |
| Tagged | 793335 | 10/21/2019 | BJO | 001 | GENERAL | 0.30 | 310.00 | 93.00 | 93.00 | 0.00 | Meeting with J. Levine and Loft; voicemail with ▓▓▓▓ re ▓▓▓▓▓▓ |
| Tagged | 793335 | 10/22/2019 | JAL | 001 | GENERAL | 3.00 | 225.00 | 675.00 | 675.00 | 0.00 | Prepared Memorandum in Opposition to frivolous filings of Marcus Fontaine; legal research regarding same; revised ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ |
| Tagged | 793335 | 10/22/2019 | JAL | 001 | GENERAL | 0.30 | 225.00 | 67.50 | 67.50 | 0.00 | Conference with Brian O'Connell regarding litigation strategy. |
| Tagged | 793335 | 10/24/2019 | JAL | 001 | GENERAL | 1.50 | 225.00 | 337.50 | 337.50 | 0.00 | Meeting w▓▓▓▓▓▓▓▓▓ |
| Tagged | 793335 | 10/26/2019 | BJO | 001 | GENERAL | 0.10 | 310.00 | 31.00 | 31.00 | 0.00 | Review Opposition to Motions; email to client. |
| Posted | | 11/3/2019 | JAL | 001 | GENERAL | 5.00 | 0.00 | 0.00 | 1,125.00 | 0.00 | Prepared Motion for Sanctions against Marcus Fontaine. |

|  |  |  |  |  |  | 138.35 |  | 25,625.50 37,713.25 | 10,900.75 | | |

11/4/2019 10:43

**IN THE COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**

| | |
|---|---|
| H&R CINCY PROPERTIES, LLC, *et al.*, | :  **Case No. A1705644** |
| | : |
| | :  **Judge Terry Nestor** |
| Plaintiffs, | : |
| | : |
| v. | :  **ORDER GRANTING PLAINTIFFS'** |
| | :  **MOTION FOR SANCTIONS AGAINST** |
| MARCUS ARTHUR FONTAINE, *et al.* | :  **DEFENDANT MARCUS FONTAINE** |
| | : |
| Defendants. | : |

This matter having come before the Court pursuant to Plaintiffs H&R Cincy Properties LLC and Harjinder Sandhu's Motion for Sanctions against Defendant Marcus Fontaine ("Defendant"). The Court being duly and sufficiently advised, Plaintiffs' Motion is hereby **GRANTED**. Defendant is hereby ordered to pay Plaintiffs' reasonable costs, expenses and attorney fees incurred as a result of Defendant's frivolous conduct in the amount of $16,000.

**IT IS SO ORDERED.**

_____
Judge Terry Nestor

13696612.1

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| H&R CINCY PROPERTIES, LLC, *et al.*, | : | **Case No. A1705644** |
| | : | |
| | : | **Judge Terry Nestor** |
| Plaintiffs, | : | |
| | : | |
| v. | : | **ORDER GRANTING PLAINTIFFS'** |
| | : | **MOTION FOR SANCTIONS AGAINST** |
| MARCUS ARTHUR FONTAINE, *et al.* | : | **DEFENDANT MARCUS FONTAINE** |
| | : | |
| Defendants. | : | |

This matter having come before the Court pursuant to Plaintiffs H&R Cincy Properties LLC and Harjinder Sandhu's Motion for Sanctions against Defendant Marcus Fontaine ("Defendant"). The Court being duly and sufficiently advised, Plaintiffs' Motion is hereby **GRANTED**. Defendant is hereby ordered to pay Plaintiffs' reasonable costs, expenses and attorney fees incurred as a result of Defendant's frivolous conduct in the amount of $20,800.

IT IS SO ORDERED.

_____
Judge Terry Nestor

13696612.1

## IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO



| | | |
|---|---|---|
| H&R CINCY PROPERTIES, LLC, | : | APPEAL NOS. C-190574 |
| | | C-190575 |
| HARJINDER SANDHU, | : | C-190583 |
| | | C-190584 |
| NANCY ASHA, | : | TRIAL NO. A-1705644 |
| HISHAM ASHA, | : | |
| and | : | *JUDGMENT ENTRY.* |
| DINA TOWERS CONDOMINIUM OWNERS ASSOCIATION AND ITS BOARD OF TRUSTEES, | : | |
| | : | |
| Plaintiffs-Appellees, | : | |
| vs. | : | |
| MARCUS FONTAIN, | : | |
| RAMONA FONTAIN, | : | |
| CINVESCO, LLC, | : | |
| CINVEXCO, LLC, | : | |
| and | : | |
| DINA TOWERS ASSOCIATION, | : | |
| Defendants-Appellants. | : | |

ENTERED

FEB 2 6 2021

D131174711

This cause was heard upon the appeal, the record, the briefs, and arguments.

The judgment of the trial court is reversed and cause remanded in C-190574 and appeals dismissed in C-190575, C-190583 and C-190584 for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App. R. 24.



VERIFY RECORD

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App. R. 27.

**To The Clerk:**
Enter upon the Journal of the Court on February 26, 2021, per Order of the Court.

By: _____
Administrative Judge

```
┌─────────────────────┐
│     ENTERED         │
│   FEB 2 6 2021      │
└─────────────────────┘
```

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| H&R CINCY PROPERTIES, LLC, | : | APPEAL NOS. C-190574 |
| | | C-190575 |
| HARJINDER SANDHU, | : | C-190583 |
| | | C-190584 |
| NANCY ASHA, | : | TRIAL NO. A-1705644 |
| HISHAM ASHA, | : | |
| and | : | *OPINION.* |
| DINA TOWERS CONDOMINIUM OWNERS ASSOCIATION AND ITS BOARD OF TRUSTEES, | : | |
| | : | |
| Plaintiffs-Appellees, | : | PRESENTED TO THE CLERK OF COURTS FOR FILING |
| vs. | : | FEB 2 6 2021 |
| MARCUS FONTAIN, | | COURT OF APPEALS |
| RAMONA FONTAIN, | : | |
| CINVESCO, LLC, | : | |
| CINVEXCO, LLC, | : | |
| and | : | |
| DINA TOWERS ASSOCIATION, | : | |
| Defendants-Appellants. | : | |

ENTERED
FEB 2 6 2021

## OHIO FIRST DISTRICT COURT OF APPEALS

Civil Appeals From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded in C-190574; Appeals
                                         Dismissed in C-190575, C-190583 and C-190584

Date of Judgment Entry on Appeal:  February 26, 2021

*Strauss Troy Co., L.P.A.,* and *Brian J. O'Connell,* for Plaintiffs-Appellees,

*McCaslin, Imbus & McCaslin, L.P.A., Thomas J. Gruber* and *Michael P. Cussen,* for Defendants-Appellants.

```
ENTERED
FEB 26 2021
```

2

## OHIO FIRST DISTRICT COURT OF APPEALS

CROUSE, Judge.

{¶1} The appeals before us stem from a dispute among condominium owners in Dina Towers, a 30-unit condominium building located in Hamilton County, Ohio. Collectively, plaintiffs H&R Cincy Properties, owned by Harjinder Sandhu, and Nancy Asha and Hisham Asha own ten condominium units ("condos") and are members of the Dina Towers Condominium Owners Association ("DTCOA"). Defendants Marcus Fontain, Romona (a.k.a. "Norma") Fontain, Cinvesco, L.L.C., and Cinvexco, L.L.C., own the other 20 condos. In a complaint filed in October 2017, plaintiffs alleged, inter alia, that defendants acted illegally to take control of the DTCOA, replace its board of trustees, steal the funds in its operating and reserve bank accounts, and obtain sole ownership of Dina Towers. According to the complaint, defendant Dina Towers Association ("DTA") was formed by defendants to replace the DTCOA.

{¶2} Plaintiffs moved for the appointment of a receiver to take control of the DTCOA and manage the property during the litigation. On August 10, 2018, the trial court appointed Prodigy Properties as receiver. Shortly thereafter, on August 27, 2018, the parties entered into a settlement agreement. The parties agreed that defendant DTA would distribute $2,000 to the receiver as a startup fee and $11,000 to cover the receiver's monthly fees and the wind-down fee. They agreed that the receivership would terminate on February 11, 2019. DTA was designated to pay the court costs.

{¶3} On September 26, 2018, per the terms of the settlement, an "Agreed Entry of Dismissal of Defendants Marcus Fontain, Norma Fontain, Cinvesco, L.L.C.,

3



ENTERED
FEB 26 2021

## OHIO FIRST DISTRICT COURT OF APPEALS

and Dina Towers Association Vacating Trial Date and Dismissal of Intervening Declaratory Judgment" was entered by the trial court. The claims against Cinvexco, L.L.C., remained pending. The agreed entry of dismissal stated, "Court costs to be paid by the Defendants."

{¶4} On January 10, 2019, plaintiffs filed a motion to extend the receivership, alleging that defendant Marcus Fontain had frustrated the purpose and objectives of the receivership. On February 7, 2019, the receiver also filed a motion to extend the receivership. The trial court extended the receivership, eventually terminating it on September 12, 2019, in its final judgment entry. In the entry, the court assigned the costs of the receiver, including its attorney's fees, to defendants, including the defendants dismissed in the September 26, 2018 entry of dismissal. The costs equaled $48,740.19 for the receiver and $30,438.45 for the receiver's attorney. Those amounts constituted the total fees incurred by the receivership for the entire duration of the case; from the time the receiver was appointed in August 2018 until the receiver filed its application for fees on August 7, 2019.

{¶5} Defendants have appealed in the case numbered C-190574. In one assignment of error, they argue that the trial court erred in requiring the dismissed defendants to pay the costs of the receiver incurred after February 11, 2019.

{¶6} For the following reasons, we sustain defendants' sole assignment of error and hold that the dismissed defendants cannot be required to pay any receivership fees incurred after February 11, 2019.

### *C-190575, C-190583, and C-190584*

{¶7} As a preliminary matter, we must discuss the pro se appeals filed by Nancy Asha, Bruce Elliott, and Isaac Fontain. Plaintiff Nancy Asha filed an appeal in

4



ENTERED

FEB 2 6 2021

## OHIO FIRST DISTRICT COURT OF APPEALS

the case numbered C-190575. Asha has not filed a brief or otherwise made an appearance in this court. Accordingly, the appeal numbered C-190575 is dismissed. *See State v. Harris*, 2017-Ohio-5594, 92 N.E.3d 1283, ¶ 43 (1st Dist.) ("to receive consideration on appeal, trial court errors must be raised by assignment of error and must be argued and supported by legal authority and citation to the record").

{¶8}    Bruce Elliott and Isaac Fontain filed appeals in the cases numbered C-190583 and C-190584, respectively. As nonparties, they do not have standing to appeal the trial court's final judgment entry. *See Lopez v. Veitran*, 1st Dist. Hamilton No. C-110511, 2012-Ohio-1216, ¶ 10 ("[a] person not a party to the action has no right of direct appeal from an adjudication. Merely appearing in a proceeding and presenting an argument does not make a person a party to an action with a right to appeal."). Therefore, the appeals numbered C-190583 and C-190584 are dismissed.

### *C-190574*

{¶9}    In their sole assignment of error, defendants contend that the trial court erred in requiring the dismissed defendants to pay the costs of the receiver incurred after February 11, 2019. Defendants argue that the court lost jurisdiction over the dismissed defendants once the entry of dismissal was placed of record.

{¶10}   Plaintiffs contend that Marcus Fontain's persistent harassment of the receiver and obstruction of its duties caused the bulk of the receivership's fees, and therefore, it was proper for the trial court to hold him and the other dismissed defendants responsible for the fees. A review of the record, specifically the invoices of the receiver and its attorney, provide ample evidence of Fontain's disruptive conduct and the resulting effects on the management of the property. Nevertheless, before we consider the propriety of the trial court's decision, we must determine

5

ENTERED
FEB 26 2021

**OHIO FIRST DISTRICT COURT OF APPEALS**

whether the trial court had jurisdiction to assign the receivership's fees to the dismissed defendants.

{¶11} "[I]n general, when a trial court unconditionally dismisses a case or a case has been voluntarily dismissed under Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed." *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 22.

{¶12} The dismissal entry stated that, pursuant to Civ.R. 41(A)(2) and the agreement of the parties, the plaintiffs' claims against Marcus Fontain, Norma Fontain, Cinvesco, and DTA were voluntarily dismissed with prejudice. The court assigned court costs to the defendants. The entry stated that plaintiffs' claims against Cinvexco remained pending and that the receivership would remain in effect until February 11, 2019, at which time the receiver would submit his final report and the parties would submit a final entry to the court.

{¶13} After the entry of dismissal was filed on September 26, 2018, Marcus Fontain became a dismissed party with no standing to challenge further court decisions. At a January 17, 2019 hearing on the plaintiffs' motion to extend the receivership, the court would not allow Marcus Fontain to argue against the extension of the receivership. The court told him, "I've reviewed the stuff that you have filed, and I may entertain some of your argument. But right now, you're not a party. So you can't really proceed, even pro se."

{¶14} Plaintiffs argue that because court costs were assessed to defendants in the settlement agreement and the agreed entry of dismissal, and R.C. 2735.04(C) allows receivership fees to be taxed as court costs, it was proper for the trial court to order the dismissed defendants to pay the receivership fees. *See* R.C. 2735.04(C)

6


ENTERED
FEB 2 6 2021

## OHIO FIRST DISTRICT COURT OF APPEALS

("[a]ny funds that are expended by or on behalf of the receiver, including receivership fees, fees for professionals assisting the receivership, * * * shall be taxed as court costs or otherwise treated as an administrative expense of the action.").

{¶15} The trial court agreed with that reasoning and in its September 12, 2019 final entry it found:

> [T]he Agreed Entry of Dismissal and the parties' Settlement Agreement provide that either the Defendants collectively or the Dina Towers Condominium Association shall pay the Court Costs, which this Court finds to include all the Receiver's costs and the Receiver's attorney fees accrued to date, most of which are the direct result of the acts or filings of Defendant Marcus Fontaine [sic].

{¶16} The problem with this rationale is that it assumes that a dismissed party can be required to indefinitely pay future court costs in a case in which it no longer has an interest. Once a party has been dismissed from a lawsuit, the trial court lacks personal jurisdiction over that party and that party does not have standing to contest any of the proceedings generating the court costs. *See, e.g., Trill v. Sifuentes,* 6th Dist. Sandusky No. S-10-036, 2011-Ohio-1400, ¶ 18 (where plaintiff dismissed one of the defendants in a personal injury case, the trial court lost jurisdiction over the dismissed defendant and was without authority to consider a motion filed by the dismissed defendant). "Personal jurisdiction refers to the principle that the Due Process Clause of the Fourteenth Amendment to the United States Constitution requires that a valid judgment imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having jurisdiction over the person of the defendant." *WBCMT 2007-C33 Office 7870, LLC v. Breakwater Equity Partners,*

7



ENTERED
FEB 26 2021

## OHIO FIRST DISTRICT COURT OF APPEALS

*LLC*, 2019-Ohio-3935, 133 N.E.3d 607, ¶ 10 (1st Dist.). Thus, it would be a violation of the dismissed defendants' due-process rights to order them to pay court costs incurred after they were dismissed from the case.

{¶17} Next, plaintiffs argue that the court maintained jurisdiction over the dismissed defendants because the settlement agreement vested the court with jurisdiction to resolve any disputes arising out of the settlement agreement.

{¶18} "A trial court has jurisdiction to enforce a settlement agreement after a case has been dismissed only if the dismissal entry incorporated the terms of the agreement or expressly stated that the court retained jurisdiction to enforce the agreement." *Cummins & Brown, LLC, and Phyllis E. Brown v. James Cummins*, 1st Dist. Hamilton No. C-200166, 2021-Ohio-428, ¶ 7, quoting *Infinite Sec. Solutions, L.L.C. v. Karam Properties, II, Ltd.*, 143 Ohio St.3d 346, 2015-Ohio-1101, 37 N.E.3d 1211, syllabus. "Neither the parties nor a reviewing court should have to review the trial court record to determine the court's intentions. Rather, the entry must reflect the trial court's action in clear and succinct terms." *Infinite Sec. Solutions* at ¶ 29. "To incorporate the terms of a settlement agreement, the trial court must actually include the settlement terms in the judgment." *State Farm Mut. Auto. Ins. Co. v. Three-C Body Shops, Inc.*, 10th Dist. Franklin Nos. 15AP–256, 15AP–282, 15AP–350, 15AP–261, 15AP–284, 15AP–385, 15AP–263 and 15AP–348, 2015-Ohio-5087, ¶ 13, citing *Infinite Sec. Solutions* at ¶ 27-28.

{¶19} The trial court did not incorporate the terms of the settlement agreement into the agreed entry of dismissal or expressly state that it retained jurisdiction to enforce the settlement agreement. Therefore, we cannot find that the court maintained jurisdiction to enforce the settlement agreement.

8



ENTERED

FEB 26 2021

<u>**OHIO FIRST DISTRICT COURT OF APPEALS**</u>

{¶20} The dismissed defendants seem to agree with the plaintiffs' contention that the court had jurisdiction to enforce the settlement agreement. However, "subject-matter jurisdiction may not be conferred upon a court by agreement of the parties, nor may lack of subject-matter jurisdiction be waived." *Cummins & Brown* at ¶ 6. Thus, the trial court did not have jurisdiction to order the defendants to pay the receivership fees by virtue of enforcing the settlement agreement.

{¶21} Plaintiffs further argue that the trial court maintained jurisdiction over the dismissed defendants through its August 10, 2018 order appointing the receiver. A trial court maintains jurisdiction over a receivership until the court closes the receiver's account and discharges the receiver. *Dayton Lodge, L.L.C. v. Hoffman*, 2013-Ohio-5755, 6 N.E.3d 638, ¶ 24 (2d Dist.).

{¶22} However, the receivership is ancillary to the main action. *In re Gourmet Servs., Inc.*, 142 B.R. 216, 218 (Bankr.S.D.Ohio 1992). A court's jurisdiction over a receivership does not permit the court to regain jurisdiction over a party dismissed from the main action.

{¶23} Lastly, plaintiffs contend that the trial court's inherent jurisdiction over collateral issues permitted it to impose the receivership fees upon the dismissed defendants. After dismissal, courts retain jurisdiction over certain collateral issues, such as the imposition of sanctions or findings of contempt. *See Hummel*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, at ¶ 23. Plaintiffs argue that Marcus Fontain's conduct during the pendency of the case amounted to contempt and, based on the court's jurisdiction to hold Fontain in contempt, it retained jurisdiction to impose the receivership fees against him and the other dismissed defendants. Perhaps Fontain's conduct warranted a finding of contempt, but the trial court never

9



## OHIO FIRST DISTRICT COURT OF APPEALS

made such a finding. We reject the plaintiffs' contention that the trial court was implicitly exercising its contempt powers by imposing the receivership fees upon the dismissed defendants.

{¶24} We hold that the trial court lacked jurisdiction over the dismissed defendants once the agreed entry of dismissal was filed on September 26, 2018. However, because defendants have not contested the imposition of any of the receivership fees incurred before February 11, 2019, we hold that the trial court erred in holding the dismissed defendants responsible for any receivership fees incurred after February 11, 2019.[1] The dismissed defendants contend that they have already paid all receivership fees incurred prior to February 11, 2019, but that is not entirely clear from the record. Therefore, the cause must be remanded for the trial court to determine whether the dismissed defendants owe any additional receivership fees and, if so, what amount.

{¶25} The sole assignment of error is sustained.

### *Conclusion*

{¶26} The appeals numbered C-190575, C-190583 and C-190584 are dismissed. In the appeal numbered C-190574, the sole assignment of error is sustained, the judgment of the trial court is reversed, and the cause is remanded to the trial court to assess all receivership fees in a manner consistent with this opinion.

Judgment accordingly.

BERGERON, P.J., and WINKLER, J., concur.

---

[1] The defendants concede that the trial court had jurisdiction to impose the receivership fees, including those incurred after February 11, 2019, against Cinvexco, which was still a party at the time the court entered its September 12, 2019 final judgment.



ENTERED
FEB 2 6 2021

10

## OHIO FIRST DISTRICT COURT OF APPEALS

Please note:

  The court has recorded its own entry on the date of the release of this opinion.

ENTERED

FEB 2 6 2021